NOT DESIGNATED FOR PUBLICATION

No. 116,041

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRUTH H. WILSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; DAVID L. STUTZMAN, judge. Opinion filed February 24, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

*Per Curiam*: Truth H. Wilson appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Wilson's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and requested that the district court's judgment be affirmed.

On February 22, 2012, Wilson pled no contest to one count of attempted aggravated robbery. On April 2, 2012, the district court sentenced Wilson to 36 months' imprisonment but granted probation with community corrections for 36 months.

1

On December 10, 2014, the State filed a motion alleging that Wilson had violated the conditions of his probation because he had failed to report to his supervisor for 3 months, his last known residence was vacant, and his whereabouts were unknown. At a hearing on May 13, 2016, Wilson admitted to the probation violations. The State presented evidence at the hearing through the testimony of a community corrections supervisor to establish that Wilson had absconded from his probation. After considering the evidence and hearing arguments from counsel, the district court took the matter under advisement. At a hearing on May 20, 2016, the district court found that Wilson had "actively avoid[ed] being supervised" for a year and a half and the "absconder bypass" applied. The district court revoked Wilson's probation and ordered that he serve his underlying prison sentence. Wilson timely appealed.

On appeal, Wilson argues that the district court "abused its discretion by revoking probation and ordering the underlying prison sentence." Wilson acknowledges that the decision to revoke probation rests within the district court's sound discretion.

The procedure for revoking an offender's probation or assignment to community corrections is governed by K.S.A. 22-3716. Traditionally, once a defendant on probation violated that probation, the district court had the discretion to revoke the probation and order that the defendant serve the underlying sentence. *State v. Brown*, 51 Kan. App. 2d 876, 879, 357 P.3d 296 (2015), *rev. denied* 304 Kan. 1018 (2016). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

In 2013, our legislature limited a district court's discretion to order that a probation violator serve his or her underlying sentence by amending K.S.A. 22-3716. The statute as amended provides that after finding that the conditions of probation have been violated,

2

the court is to apply graduated intermediate sanctions ranging from modification of the defendant's release conditions to brief periods of confinement in jail that increase in length depending on the number of lesser sanctions already imposed by the court. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). Pursuant to K.S.A. 2016 Supp. 22-3716(c)(8)(B)(i), if the offender absconds from supervision while he or she is on probation or assigned to community corrections, the court may revoke probation or assignment to community corrections without having previously imposed an intermediate sanction. If the district court finds that a defendant has absconded from probation, the appellate court reviews that finding to determine whether it is supported by substantial competent evidence. *State v. Raiburn*, 289 Kan. 319, 332, 212 P.3d 1029 (2009).

Here, after considering evidence presented by the State, the district court found that Wilson had actively avoided being supervised for a year and a half and that he had absconded from probation. Wilson acknowledges that pursuant to K.S.A. 2016 Supp. 22-3716(c)(8)(B)(i), the court may revoke probation without having previously imposed an intermediate sanction if the offender absconds from supervision while on probation. Significantly, Wilson does not challenge on appeal whether the district court's absconder finding was supported by substantial competent evidence. The district court was not required to impose an intermediate sanction in this instance, and the court's decision to revoke Wilson's probation was not arbitrary, fanciful, or unreasonable. Thus, we conclude the district court did not err in revoking Wilson's probation and ordering him to serve his underlying prison sentence.

Affirmed.