NOT DESIGNATED FOR PUBLICATION

No. 117,110

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TREVOR R. DARGATZ,
*Appellant.*


MEMORANDUM OPINION


Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed August 4, 2017. Affirmed.


Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).


Before ARNOLD-BURGER, C.J., LEBEN, J., and BURGESS, S.J.


LEBEN, J.: Trevor R. Dargatz received probation following his convictions for interference with law enforcement and two drug-related offenses. Dargatz violated his probation by testing positive several times for marijuana, methamphetamine, and cocaine. The district court initially gave Dargatz several intermediate sanctions—short of sending him to serve his 49-month prison sentence—for his probation violations. Eventually, though, after continued drug use, the court revoked Dargatz' probation and imposed the underlying prison sentence.

Dargatz has appealed, arguing that the district court should have given him yet another chance on probation. But it's within the court's discretion whether to revoke probation once a violation has been established. On the facts of this case, we find no

abuse of discretion in revoking Dargatz' probation.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2014, Dargatz pled guilty to the possession of marijuana with the intent to distribute, the unlawful handling of proceeds derived from the violation of drug laws, and interference with law enforcement. The district court sentenced him to 36 months of probation with an underlying sentence of 49 months in prison if he didn't successfully complete his probation.

Before Dargatz' probation was revoked in December of 2016, he violated his probation on four occasions. On each occasion, the district court imposed a sanction short of imposing the underlying prison term:

- In March 2015, after Dargatz tested positive for marijuana, Dargatz served a 3-day jail sanction.
- In July 2015, the court ordered him to complete a residential drug-treatment program because he had violated his probation by failing to attend drug treatment and failing to perform community service work, in addition to using methamphetamine and cocaine.
- In March 2016, after two more positive drug tests, Dargatz served a two-day jail sanction.
- In June 2016, he tested positive for drugs and committed new crimes—interference with law enforcement and felony obstruction. As a probation sanction, Dargatz served 120 days in prison.

Dargatz again tested positive for methamphetamines and amphetamines in December 2016, and he admitted to the court that he used methamphetamine while at the residential drug-treatment facility. Additionally, he had failed to report to his probation officer four times and had spent the majority of his paycheck before budgeting with his

probation officer, as he had been ordered to do. This time, the district court revoked Dargatz' probation and imposed his underlying prison sentence.

Dargatz has appealed to this court.

ANALYSIS

Dargatz argues that the district court abused its discretion by revoking his probation and imposing the underlying prison sentence. A district court abuses its discretion if its decision is based on factual or legal error or no reasonable person would agree with its decision. See *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016); *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015), *rev. denied* 304 Kan. 1018 (2016); *State v. Towle*, No. 114,532, 2017 WL 1382319, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* April 25, 2017. Dargatz has not identified a legal or factual error, so his sole argument is that no reasonable person would have agreed with the district court's decision to revoke his probation rather than giving him another chance.

Dargatz can't argue a legal or factual error because the district court complied with the applicable statutory requirements. While traditionally the district court had broad authority to revoke probation on any significant violation, a statutory change made in 2013 limited that broad discretion. Now, before probation may be revoked and the underlying prison sentence imposed, K.S.A. 2016 Supp. 22-3716(c) requires in most cases that the district court first impose an intermediate sanction and reinstate probation. *Towle*, 2017 WL 1382319, at *3. After a 2- or 3-day jail sanction under K.S.A. 2016 Supp. 22-3716(c)(1)(B), the court may issue a longer sanction, 120 or 180 days, but only once. K.S.A. 2016 Supp. 22-3716(c)(1)(C)-(D). If the probationer violates probation again, after this longer 120-day or 180-day sanction, then the district court may revoke

3

probation and impose the underlying prison sentence. K.S.A. 2016 Supp. 22-3716(c)(1)(E).

In this case, as we have noted, Dargatz had received several intermediate sanctions. So the district court had the discretion to revoke his probation and impose the underlying sentence. Given Dargatz' record on probation, a reasonable person could agree with the district court's decision. See K.S.A. 2016 Supp. 22-3716(c)(1)(E). Dargatz was placed on probation in December 2014 and then violated his probation five times, including the commission of a new felony offense. Based on this, the district court reasonably concluded that Dargatz had demonstrated an unwillingness to comply with the conditions of his probation—even after a sanction as severe as a 120-day stay in state prison.

We affirm the district court's judgment.