NOT DESIGNATED FOR PUBLICATION

No. 117,295

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TREVAR LAMONT JOHNSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed October 13, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

LEBEN, J.: Trevar Lamont Johnson received probation following his conviction for unlawful possession of a controlled substance (Adderall), a felony offense. He violated his probation over two time periods in essentially the same ways—failing to report, failing to submit to drug testing, using illegal drugs, and failing to notify his probation officer of his current home address and phone number.

On the first round of violations, the district court gave him another chance at probation after requiring him to serve 120 days in prison as a sanction for the violations. The second time, the district court revoked the probation and ordered him to serve his underlying prison sentence.

Johnson has appealed, arguing that the court should have given him a third chance. But the court was not required to do that.

Traditionally, the district court in Kansas has had broad authority to revoke probation on any significant violation. A 2013 statutory change limited that discretion. Now, before probation may be revoked and the underlying prison sentence imposed, K.S.A. 2016 Supp. 22-3716(c) requires in most cases that some intermediate sanction be used first. Usually that means a two- or three-day jail sanction. On a later violation, the court can impose a longer sanction, 120 days or 180 days in a state prison. After the defendant has received a 120- or 180-day sanction, the court can revoke the probation and order the defendant to serve the underlying prison sentence. See K.S.A. 2016 Supp. 22-3716 (c)(1). And when the district court has the option to send the defendant to prison, the court's discretionary decision may be set aside only for abuse of discretion. A court abuses its discretion if its decision is based on factual or legal error or no reasonable person would agree with it. See *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016); *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015), *rev. denied* 304 Kan. 1018 (2016); *State v. Towle*, No. 114,532, 2017 WL 1382319, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* April 25, 2017.

Johnson's first round of probation violations included all the ones we noted at the beginning of this opinion. In addition, while on probation, Johnson had committed three new misdemeanor offenses: criminal restraint, battery, and criminal trespass. He pled guilty to those offenses at the same hearing at which he received the 120-day prison sanction for violating probation. At that time, Johnson was on probation in one other case as well as this one, and he and the State agreed to recommend a 120-day prison sanction. The court adopted the parties' recommendation.

After serving that prison sanction, Johnson returned to probation. He again violated it by failing to report as directed, failing to submit to drug testing, using illegal

drugs, and failing to follow through on drug-treatment programs. In addition, the request for a warrant for Johnson's arrest for violating probation noted that he had been arrested on suspicion of attempted second-degree murder, possession of methamphetamine with intent to distribute it within 1,000 feet of a school, and criminal possession of a weapon by a convicted felon.

At the hearing on the State's motion to revoke his probation, Johnson agreed that he had violated his probation in the ways alleged by the State, including a failure to obey the law (a violation based on the new offenses). Since the district court had already imposed a 120-day prison sanction for earlier probation violations, the court had the discretion to revoke Johnson's probation and order that he serve his underlying prison sentence. K.S.A. 2016 Supp. 22-3716(c)(1)(E). It didn't abuse its discretion in making that decision.

Johnson recognized at the hearing that he had had plenty of chances to comply with his probation, saying, "I wanted to apologize to my corrections officer, Chris. Apologize for running on him. He's a good person and he gave me a lot of opportunities." Indeed, Johnson had multiple chances to obtain drug treatment through his probation and did not take advantage of those opportunities. In light of his repeated failure to comply, a reasonable person could have concluded that he did not deserve further chances.

We affirm the district court's judgment.