No. 111,771

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CURTIS A. BROWN,
*Appellant*.


SYLLABUS BY THE COURT


1.

Probation violations are often categorized as either technical or substantive violations depending on whether the act would be unlawful even if the violator weren't on probation: An act that violates probation conditions but isn't otherwise unlawful is a technical violation, while an act that violates probation conditions but is otherwise unlawful is a substantive violation. In Kansas, most felony probationers who commit technical violations are entitled to an intermediate sanction before their probation is revoked, while those who commit substantive violations that constitute a felony or misdemeanor offense may have their probation revoked without first receiving an intermediate sanction. See K.S.A. 2014 Supp. 22-3716(c).


2.

The State must provide due process to the defendant before revoking probation for a violation of its conditions. The due-process right to be heard implicitly requires that any statements made by the defendant and relied upon to revoke the probation have been made voluntarily.

3.

On the facts of this case, where the district court had previously explained the defendant's right to a hearing, the hearing had been adjourned at the defendant's request, the attorney told the court when the hearing resumed that the defendant wanted to admit that he had committed a new crime, and the defendant confirmed his intent before announcing that he took "full responsibility" for what he had done, the defendant's statements were voluntary and his due-process rights were not violated.

4.

Once a probation violation has been established, whether to revoke the defendant's probation is a discretionary decision for the district court unless a statute specifically provides otherwise. Unless the district court has made a legal or factual error, an appellate court may find an abuse of discretion only when no reasonable person would agree with the district court's decision.

Appeal from Sedgwick District Court; WILLIAM SIOUX WOOLLEY, judge. Opinion filed September 4, 2015. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., SCHROEDER and GARDNER, JJ.

LEBEN, J.: Curtis Brown appeals the district court's decision to revoke his probation after he admitted committing a new felony while on probation. He argues that his admission to the offense wasn't voluntary and that the district court abused its discretion when it revoked his probation.

2

But the district court had told him that he had a right to an evidentiary hearing at which the State would have to prove any violations, and the defendant acknowledged that he had discussed admitting to the violation with his attorney before the hearing. We find no error in the district court's conclusion that the defendant's admission was voluntary, and we find no abuse of discretion in revoking his probation for committing a new felony while on probation. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Brown was convicted in 2013 of one count each of aggravated indecent solicitation, aggravated indecent liberties with a child, and criminal sodomy. Under Kansas sentencing guidelines, Brown's presumptive sentence for each offense was prison, not probation. But he pled guilty under a plea agreement in which the State agreed to join Brown in recommending a dispositional departure to probation, with both sides recommending the maximum sentences under the guidelines for each offense for someone with Brown's criminal-history score; the parties also recommended, though, that the three sentences be made concurrent to one another for a total sentence of 71 months.

Between the time of Brown's plea in May and his July sentencing, he violated the terms under which he had been released by testing positive for methamphetamine. Based on this, the court concluded for sentencing purposes that the State was no longer bound by the plea agreement and could recommend any lawful sentence. The State still recommended that the court follow the plea agreement, citing Brown's youth, his lack of criminal history, his plea (which spared the victim from testifying), and the circumstances of the offenses.

The court granted Brown's requested dispositional departure to probation rather than prison but made Brown's sentences consecutive, which resulted in a total sentence of 122 months in prison if Brown didn't successfully complete his probation. The court

placed Brown on probation for 36 months with a number of conditions, which included drug-and-alcohol treatment, sex-offender treatment, and obeying the law.

Less than 6 months later, in November, the State alleged that Brown had violated his probation in six ways: failing to provide proof of payment of court costs, using methamphetamine, failing to obtain employment, failing to report to his probation officer, failing to enter and complete drug-and-alcohol treatment, and failing to enter and complete a sex-offender-treatment program. Brown appeared in court with his attorney in December on these charges. The court advised Brown he had a right to an evidentiary hearing in which the State would have to prove each allegation; Brown's attorney asked for an evidentiary hearing.

The parties appeared for that hearing in January 2014. At the start of the hearing, Brown's attorney told the court that a new case had been filed against Brown alleging felony theft, with a preliminary hearing set for the following week. The attorney then said that Brown was prepared to admit to the six violations previously made but wanted to set a later date for disposition (a date that would be coordinated based on developments in the newly filed case), at which the court would decide whether to revoke Brown's probation or give him another opportunity to complete it. The court then asked Brown whether he wanted, as his attorney suggested, to admit to the six violations already alleged by the State and to continue the probation-violation hearing "to see if . . . you can cut a deal on this [case] and your new case?" Brown said he did. The court found that Brown had violated his probation in the six ways already alleged. The court also set the matter over for disposition on February 7.

The day after the January hearing, the State formally filed an allegation in this case that Brown had violated his probation by committing a felony theft in December 2013. When our case came back before the court in February 2014 for disposition, Brown's attorney told the court that he had "spoke[n] at length" with Brown and that

4

Brown "would admit" to the theft charge for the purposes of the probation-violation hearing but not for purposes of the underlying criminal case for felony theft. The court then found that Brown had violated the probation based on the theft and confirmed that Brown understood that he was waiving his hearing right:

> "THE COURT: Well, I'll find the defendant's in violation of all seven counts and that he's knowingly and voluntarily waived his hearing. That is what you want to do. Correct?
> "THE DEFENDANT: Yes, Your Honor."

Later in the hearing, the defendant asked to address the court personally. Brown said that he "would just like to say on behalf of myself that I'm taking full responsibility of everything I've done here."

Brown's attorney asked that the court continue Brown on probation with whatever sanction the court deemed appropriate, such as sending Brown to jail for some period of time as a condition of probation. The State asked that the court require that Brown serve his underlying prison sentence and not reinstate the probation.

The district court found that Brown had demonstrated that he was "not amenable to further probation" based on his failure to comply and ordered that he serve the underlying prison sentence. Brown's attorney asked for the court to modify the sentence downward from 122 months to the 71 months the parties had initially recommended, but the court denied that request.

Brown has now appealed to this court.

5

Traditionally, once a defendant on probation violated that probation, the district court had the discretion to revoke the probation and order that the defendant serve the underlying prison or jail sentence. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). In this situation, where the district court's decision is a discretionary one, we may reverse only when the district court has based its decision on a factual or legal error or when no reasonable person would agree with its decision. *State v. McCullough*, 293 Kan. 970, 980-81, 270 P.3d 1142 (2012); *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006).

The district court's discretion was limited by a 2013 statutory change. The new statute, found now at K.S.A. 2014 Supp. 22-3716(b) and (c), requires, with certain exceptions, that the district court impose intermediate sanctions before ordering the defendant to serve the underlying sentence. See *State v. Huckey*, 51 Kan. App. 2d 451, Syl. ¶¶ 3-4, 348 P.3d 997 (2015). One of these exceptions ties in to a longstanding distinction that probation officers, lawyers, and judges have made between technical and substantive probation violations: An act that violates probation conditions but isn't otherwise unlawful is a technical violation, while an act that violates probation conditions but is otherwise unlawful is a substantive violation. See *State v. Meeks*, 789 So. 2d 982, 985 (Fla. 2001); Cook, *Mediation as an Alternative to Probation Revocation Proceedings*, Fed. Probation 48 (Dec. 1995).

Our statute now tracks this distinction through K.S.A. 2014 Supp. 22-3716(c)(8), which provides that the district court need not first impose an intermediate sanction when the offender commits a new felony or misdemeanor while on probation. In that circumstance, the substantive probation violation is serious enough standing alone to give the court discretion to revoke the probation and send the defendant to serve his or her underlying prison sentence.

6

We should note that just because a probation violation is labeled as only a "technical" one does not mean it is unimportant. Some can be quite significant—such as when a person convicted for indecent liberties with a minor violates a probation requirement not to be alone with minors. In such a case, another exception to the intermediate-sanction requirement might apply, *i.e.*, that public safety or the defendant's own welfare would not be served by an intermediate sanction. See K.S.A. 2014 Supp. 22-3716(c)(9). But the traditional distinction between technical and substantive probation violations is now reflected in the exception applicable when an offender on probation commits a new felony or misdemeanor offense, and that's the exception at issue here.

The district court in Brown's case noted that the original six violations were "technical" ones but that the new felony theft allowed the court to require that Brown serve his sentence without first serving an intermediate sanction. (Brown's admission to "using" methamphetamine, one of the original six violations, was a technical violation; Kansas law criminalizes methamphetamine *possession*, not its use. See K.S.A. 2014 Supp. 21-5706[a].) On appeal, Brown seeks to set aside the finding that he had committed the new felony theft. If successful on that argument, then only the technical violations would remain, and the district court would have been required to give Brown an intermediate sanction before sending him to serve the prison sentence.

Brown's argument rests on a claim that his admission to the new theft should be thrown out because the admission wasn't truly voluntary. Citing caselaw related to the voluntariness of confessions in criminal cases generally, Brown argues that his admission to the felony theft as a probation violation and his waiver of an evidentiary hearing weren't voluntary; he says that he admitted the violation only after the court had already indicated it was going to find Brown had violated probation, so Brown's statements were simply "to appease the court" while seeking leniency. Based on that, he argues that the court deprived him of due process. The State responds that Brown got all the process he was due and that his statements were knowing and voluntary.

7

Brown is right that a probationer is entitled to due process; the Due Process Clause of the Fourteenth Amendment to the United States Constitution applies whenever the State deprives someone of liberty, such as by revoking probation and sending the person to prison. *Gagnon v. Scarpelli*, 411 U.S. 778, 781-82, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973); *State v. Hall*, 287 Kan. 139, 143, 195 P.3d 220 (2008). But a probation-revocation proceeding comes after a defendant has already been convicted of an offense; the probation is part of the sentence. So the defendant is not entitled to "the full panoply of rights due" in a criminal prosecution. See *Morrisey v. Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972) (parole revocation); *State v. Yura*, 250 Kan. 198, 201-02, 825 P.2d 523 (1992) (probation revocation). For a probation revocation, what the Supreme Court has called "minimum due process" applies, requiring written notice of the claimed violation, disclosure of the evidence, an opportunity to be heard and present witnesses and evidence, the right to confront witnesses (if any are called), a neutral hearing officer, and a written statement by the factfinder about what evidence was persuasive and the reasons for revoking probation. See *Gagnon*, 411 U.S. at 782, 786; *State v. Marquis*, 292 Kan. 925, 928-30, 257 P.3d 775 (2011).

In Kansas, a statute, K.S.A. 2014 Supp. 22-3716(b), governs the procedure for probation-revocation hearings, and it satisfies these minimum due-process requirements. *State v. Grossman*, 45 Kan. App. 2d 420, 424, 248 P.3d 776 (2011). We review independently, without any required deference to the district court, whether a person's due-process rights have been violated. *Hall*, 287 Kan. at 143; *State v. Alexander*, 43 Kan. App. 2d 339, 342, 225 P.3d 1195, *rev. denied* 290 Kan. 1095 (2010).

Brown's specific claim on appeal—that his admission to a probation violation wasn't voluntary—does not relate directly to one of the recognized requirements for minimum due process. But implicit in the right to be heard is a requirement that a defendant who gives up that right do so voluntarily and that any admissions that form the

8

basis for probation revocation also have been made voluntarily. See *People v. Harris*, 392 Ill. App. 3d 503, 508, 912 N.E.2d 696 (2009). If a person could be coerced into admitting the violation and foregoing an evidentiary hearing, the right to a hearing would be meaningless.

But even though an admission to a probation violation must be voluntary, a court's review to assure voluntariness is not as stringent as it would be in an initial criminal case.

Several strong protections for the defendant come into play in a criminal case that are not present in the probation context, where the defendant has already been convicted of an offense for which the probation is part of the sentence. For example, in criminal investigations, *Miranda* warnings are given as a procedural way to help assure that statements to police are voluntary. But a probationer has no right to receive *Miranda* warnings from a probation officer, and the probationer has no Fifth Amendment privilege not to answer incriminating questions if the information is used solely for the probation revocation. See *Minnesota v. Murphy*, 465 U.S. 420, 435 n.7, 104 S. Ct. 1136, 79 L. Ed. 2d 409 (1984); *State v. D'Armond*, No. 110,030, 2014 WL 2590053, at *4 (Kan. App. 2014) (unpublished opinion), *rev. denied* ___ Kan. ___ (May 12, 2015); *State v. Johansen*, 2014 ME 132, ¶¶ 17-18, 105 A.3d 433 (2014). Similarly, in a criminal case, the Due Process Clause requires that judges explain various rights to a defendant before accepting a plea. See *Boykin v. Alabama*, 395 U.S. 238, 242-44, 89 S. Ct. 1709, 23 L. Ed 2d 274 (1969); *State v. Valladarez*, 288 Kan. 671, 681-82, 206 P.3d 879 (2009); *State v. Rucker*, 49 Kan. App. 2d 414, 416-17, 310 P.3d 422 (2013). But those same advisories are not constitutionally required in probation-revocation proceedings. See *United States v. Segal*, 549 F.2d 1293, 1298-1300 (9th Cir.), *cert. denied* 431 U.S. 919 (1977); *United States v. Williams*, 321 Fed. Appx. 486, 489-90 (6th Cir. 2009); *Finney v. People*, 2014 CO 38, ¶¶ 26-28, 325 P.3d 1044 (2014); *Meadows v. Settles*, 274 Ga. 858, 858-60, 561 S.E.2d 105 (2002). Accordingly, unless otherwise required by statute, courts need not use the same extensive procedures used to take guilty pleas in a criminal case, including

9

detailed questioning of the defendant, when receiving a defendant's admission to a probation violation. See *People v. Garcia*, 67 Cal. App. 3d 134, 137-38, 136 Cal. Rptr. 398 (1977); *Meadows*, 274 Ga. at 859-60; *Grossman*, 45 Kan. App. 2d at 424 (finding admission by attorney sufficient, even absent discussion directly with defendant, when defendant did not object).

So we now look to see whether Brown's admission was sufficiently voluntary under the circumstances of his case to meet due-process requirements. See *Williams*, 321 Fed. Appx. at 489-90. The statute that provides the procedural framework for hearings on probation violations explicitly requires notifying the defendant "of the right to a hearing" and that "if the defendant is financially unable to obtain counsel, an attorney will be appointed to represent the defendant." K.S.A. 2014 Supp. 22-3716(b)(2). Brown does not contend that the court failed to inform him of these things. Neither party has cited any Kansas caselaw suggesting that any further advisories are *constitutionally required* before a court may accept a defendant's probation-violation admission. See *State v. Billings*, 30 Kan. App. 2d 236, 239, 39 P.3d 682 (2002) (concluding that due process does not require that trial judge advise defendant of right to present evidence and to cross-examine witnesses before accepting probation-violation admission); *State v. Walker*, No. 93,296, 2005 WL 2001748, at *1 (Kan. App. 2005) (unpublished opinion) (same). But we need not answer the general question of whether *any* other advisories might be required in *some* circumstance to decide this case: In the context of Brown's several hearings before the district court, his admission to the new felony theft was sufficiently voluntary and informed for purposes of a probation-violation hearing.

Here, the judge had advised Brown of the right to an evidentiary hearing at the initial hearing on the six technical violations. The resolution of those violations was held over—at Brown's request—to give further time to explore resolution of the new felony-theft charge. When the parties came back for the final hearing, Brown's attorney said that Brown wanted to admit to the felony theft for the purpose of the probation-revocation

10

hearing; the court confirmed that Brown wanted to waive the hearing and admit to that violation.

Brown complains that his personal admission came only after the district court had already said that it found him in violation of the probation. But the court's statement came after Brown's attorney told the court that Brown "would admit" the theft charge for the purpose of the probation-violation hearing. In addition, Brown told the court later in the hearing that he was "taking full responsibility of everything I've done here." In the context of a probation-revocation hearing, Brown has not shown that his admission was involuntarily made in violation of his due-process rights. See *Grossman*, 300 Kan. at 1060, 1063 (finding that defendant was not entitled to evidentiary hearing on habeas claim that his probation-revocation counsel was ineffective; court concluded that defendant's claim of involuntary admission was rebutted by his repeated and express admissions at the probation-revocation hearing).

Since the district court's finding that Brown had violated his probation by committing a new felony theft remains intact, the district court was not required to enter an intermediate sanction and thus had discretion to decide whether to reinstate the probation or send Brown to serve his prison sentence. The court's conclusion that Brown was "not amenable to further probation" is factually supported. Brown was convicted of crimes for which the presumed sentence is prison, and he faced a very severe sentence if he failed on his probation. Yet he failed to take basic, required steps, including reporting to his probation officer, enrolling in a drug-treatment program, and enrolling in a sex-offender-treatment program. In addition, he committed a new felony while on probation. A reasonable person could agree with the district court that sending Brown to serve his sentence was the proper course.

The district court's judgment is affirmed.