NOT DESIGNATED FOR PUBLICATION

No. 118,016

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEREK D. STAUM,
*Appellant*.

MEMORANDUM OPINION

Appeal from Miami District Court; AMY L. HARTH, judge. Opinion filed March 30, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

LEBEN, J.: Derek Staum appeals the district court's decision to revoke his probation and order that he serve the underlying sentence on his conviction for possession of methamphetamine. Staum argues on appeal that the district court should have given him an additional chance at probation. But the court had already given Staum plenty of chances to succeed on probation; it wasn't required to give him another.

Staum was first sentenced to probation in 2014. Between 2014 and 2017—when Staum's probation was finally revoked and he was sent to serve his prison sentence—the district gave Staum several "second" chances. In fact, the court gave him another chance four different times. Each time, the court found that Staum had violated his probation. And each time, the court ordered some intermediate sanction short of having Staum serve

his full 30-month prison sentence. At the first violation hearing, the court ordered that he serve 60 days in the county jail. When he violated probation again and again, the court ordered that he serve 120 days in prison—and then 180 days in prison on a later violation. (On one other violation, the court simply ordered that Staum's sanction be the time he had spent in jail on a warrant while awaiting the hearing about his probation violation.) After all of that, the court still kept Staum back on probation, ordering that he report to an Intensive Supervision Officer and complete a substance-abuse treatment program.

But Staum once again violated the probation. He left the reintegration program of the drug-treatment provider without permission and failed to report to his Intensive Supervision Officer for nearly a month before the State filed its final motion to revoke his probation.

The district court then held a hearing on the final motion to revoke Staum's probation. Staum, who was represented by an attorney, admitted to the violations the State had alleged. And he made no argument that his probation should be reinstated yet again. His attorney simply asked that Staum get credit against his prison sentence for any time spent in custody:

> "Your Honor, I believe the recommendation from the ISO is that he be remanded to serve the remainder of his sentence. This is multiple violations for Mr. Staum. He would simply request that all the time he has spent in custody, as well as the time spent in the rehab program, be counted toward his underlying sentence of 30 months."

The district court then granted the State's motion, revoked Staum's probation, and ordered that he serve the remainder of his prison sentence (after getting credit for time already spent in custody). Staum then appealed to our court.

We first note that Staum did *not* ask the district court to leave him on probation. An appellate court normally will not consider an issue raised for the first time on appeal. *State v. Parry*, 305 Kan. 1189, Syl. ¶ 2, 390 P.3d 879 (2017). While there are some exceptions to that rule, Staum does not cite to any in his appeal. We therefore could deny his appeal solely because the issue he now raises wasn't raised before the district court. See *State v. Thach*, 305 Kan. 72, 81, 378 P.3d 522 (2016).

But even if we consider Staum's appeal on its merits, he has not shown that the district court made an error. Traditionally, district courts in Kansas have broad authority to revoke probation on any significant violation. A 2013 statutory change limited that discretion and required that intermediate sanctions generally be used before the court can revoke probation and impose the underlying prison sentence. But here the district court had already used these intermediate sanctions, so the district court had the discretion to revoke probation and impose the prison sentence on a further probation violation. See K.S.A. 2017 Supp. 22-3716(c).

When the district court has that option, its discretionary decision may be set aside only for abuse of discretion. A court abuses its discretion if its decision is based on factual or legal error or no reasonable person would agree with it. See *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016); *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015).

We find no abuse of discretion here. Staum had already had plenty of chances to succeed at probation. So a reasonable person could easily have concluded that Staum didn't deserve any more chances.

On Staum's motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2018 Kan. S. Ct. R.

3

47). We have reviewed the record that was available to the sentencing court, and we find no error in its decision to revoke Staum's probation.

We affirm the district court's judgment.