NOT DESIGNATED FOR PUBLICATION

No. 118,434

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN A. PINEDO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed May 4, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Justin Pinedo appeals the district court's decision to revoke his probation and require him to serve his underlying prison sentence. Pinedo suggests that the district court should have first ordered him to serve an intermediate sanction, such as a short jail stay followed by a return to probation, rather than send him to prison. But Pinedo had already been given new chances at probation after short stays in jail—and even one 120-day stay in the state prison. That gave the district court the discretion to send him to prison when he once again violated his probation. We find no abuse of discretion in the district court's decision to do so.

To put the court's decision in context, we will review the events starting with Pinedo's sentencing for an aggravated-battery conviction. Pinedo was sentenced to

probation for 36 months with an underlying prison sentence of 38 months that he would have to serve if he did not successfully complete his probation.

Before the violations that resulted in termination of Pinedo's probation, he had already violated his probation several times. Early on, when he failed to complete community-service requirements, the court ordered that he serve two days in jail as a sanction. Later, he violated probation by failing to be home by curfew, failing to maintain employment, failing to attend drug-and-alcohol treatment, failing to pay court costs, and committing a new criminal offense—domestic violence. Because Pinedo had already served a two-day jail sanction, the district court ordered Pinedo to serve a 120-day stay in the state prison as a sanction for his other violations. After that, he would have another chance to complete his probation.

But shortly after Pinedo was released from serving the 120-day sanction, he submitted a urinalysis that tested positive for cocaine. The court gave Pinedo a three-day jail sanction for that violation. But soon the State alleged that Pinedo had again violated his probation by failing to obtain employment, failing to provide proof of community service, and committing a new crime—theft. Pinedo admitted that he failed to maintain employment and to provide proof of community service. The court then revoked Pinedo's probation and imposed his underlying sentence.

On appeal, Pinedo claims that the court should have given him another intermediate sanction, such as 60 days in jail, rather than revoking his probation and imposing his underlying sentence. Pinedo says he should have gotten another chance at probation because he followed some of his probation terms, like completing drug treatment and working for his father's painting company.

Traditionally, district courts in Kansas have broad authority to revoke probation on any significant probation violation. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d

2

1231 (2008). In 2013, the law changed. It now requires a sentencing court to impose intermediate sanctions before it can revoke probation and impose the underlying prison sentence. See K.S.A. 2017 Supp. 22-3716.

Here, the district court already made Pinedo serve intermediate sanctions, including a 120-day prison stay, so it had the discretion to revoke Pinedo's probation and impose his underlying sentence. See K.S.A. 2017 Supp. 22-3716(c)(1)(E). Accordingly, we review the district court's decision only for abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the district court. See *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016); *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015).

Pinedo emphasizes that he had "stayed clean and sober" for an extended period and tried in good faith to obtain employment. But he had already received several chances at probation, and he had committed a new offense, domestic violence, while on probation. We find nothing unreasonable about the district court's decision here.

On Pinedo's motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). We have reviewed the record that was available to the sentencing court, and we find no error in its decision to revoke Pinedo's probation.

We affirm the district court's judgment.