NOT DESIGNATED FOR PUBLICATION

No. 119,248

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LYSTON MARTIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed November 9, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Lyston Martin appeals the district court's decision to revoke his probation and order that he serve the underlying sentence on his conviction for aggravated battery. Martin argues on appeal that the district court should have given him another chance at probation by sending him to drug treatment. But the court had already given Martin plenty of chances to succeed on probation; it wasn't required to give him another.

Martin was first sentenced to probation in 2016. Between 2016 and 2018—before Martin's probation was finally revoked and he was sent to serve his prison sentence—the district gave Martin several "second" chances at probation. Martin's supervising officer

imposed violation sanctions three different times, and the court ordered some intermediate sanctions short of having Martin serve his full 50-month prison sentence six times.

The first time Martin violated his probation, his probation officer ordered Martin to serve two days in jail. For his second violation, his probation officer ordered Martin to serve three days in jail. For Martin's third violation, the court ordered Martin to serve three two-day "quick dips" in the county jail. After that, the court again ordered Martin to serve three more two-day "quick dips." About a month later, the court imposed a 120-day prison sanction for yet another violation. For Martin's sixth violation, his probation officer ordered Martin to serve two more two-day stints in jail. For his seventh and eighth violations, the court ordered Martin to serve 180 days in prison, which would be followed by another shot at probation. Nearly all the violations were for positive drug tests.

Martin once again violated his probation for failing a urinalysis. Martin admitted to the State's allegations but asked the court to send him to drug treatment instead of revoking his probation. If the court didn't send Martin to treatment, Martin asked the court to consider imposing a sentence less than the original 50-month sentence.

The district court then granted the State's motion, revoked Martin's probation, and ordered that he serve the remainder of his prison sentence. Martin appealed to our court.

Martin argues that it was unreasonable for the district court to impose the underlying sentence instead of sending him to treatment. But he hasn't shown that the district court made an error. Traditionally, district courts in Kansas have had broad authority to revoke probation on any significant violation. A 2013 statutory change limited that discretion and required that intermediate sanctions generally be used before the court can revoke probation and impose the underlying prison sentence. But here the district court had already used these intermediate sanctions, so the district court had the

2

discretion to revoke probation and impose the prison sentence on a further probation violation. See K.S.A. 2017 Supp. 22-3716(c).

When the district court has that option, its discretionary decision may be set aside only for abuse of discretion. A court abuses its discretion if its decision is based on factual or legal error or no reasonable person would agree with it. See *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016); *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015).

We find no abuse of discretion here. Martin had already had plenty of chances to succeed at probation. So a reasonable person could easily have concluded that he didn't deserve any more chances.

On Martin's motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). We have reviewed the record available to the district court, and we find no error in its decision to revoke Martin's probation.

We affirm the district court's judgment.