NOT DESIGNATED FOR PUBLICATION

No. 119,568

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DOUGLAS D. CHERRY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PAULA B. MARTIN, judge. Opinion filed March 1, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Douglas Cherry appeals the district court's decision to revoke his probation and order that he serve the underlying 19-month prison sentence on his conviction for forgery. Cherry argues on appeal that the district court should have given him an additional chance at probation. But since Cherry was on probation as the result of a dispositional departure the district court granted at sentencing, the court wasn't required to give him another chance. We find no abuse of discretion in the court's decision not to do so.

Cherry was first sentenced to probation in July 2017—a dispositional departure from the presumptive 18- to 20-month prison sentence established in our state's sentencing guidelines. (The guidelines sentence was based on the severity of the offense

and Cherry's criminal-history score.) Several months later, the State alleged that Cherry had failed to comply with the conditions of his probation by: (1) being arrested for and charged with rape; (2) failing to submit to electronic monitoring at all times; (3) failing to provide documentation showing that he complied with behavioral-health-treatment requirements; (4) failing to report to his probation officer, including after his arrest; and (5) not completing the court-ordered Thinking for a Change program.

Cherry appeared before the district court at a hearing on the allegations, where his attorney advised the court that Cherry would stipulate to the allegations in the State's petition. Cherry's attorney said that the parties would jointly recommend that the court revoke and reinstate Cherry's probation for 12 months after he serve a 3-day sanction. But when Cherry was asked whether he wished to admit the allegations made against him, he said he would admit only the failure to report that he had been arrested. The rest of the allegations, he said, were false.

That started a discussion between Cherry and the court that runs for about 10 pages in the hearing transcript. Cherry did admit some of the other allegations—that he hadn't completed the Thinking for a Change program, that he hadn't notified his probation officer of completion of the court-ordered behavioral-health-treatment requirements, and that he hadn't contacted his probation officer (though Cherry said the probation officer knew how to contact Cherry).

After hearing Cherry's comments, the court said: "I can't agree that you're amenable to probation. You blame everybody else for everything that's happened to you. And you need to take some responsibility and . . . do the things that you're expected to do, and I don't think you can do that." The court concluded that Cherry had violated his probation by failing to follow the behavioral-treatment requirements, failing to complete the Thinking for a Change program, and failing to report to his probation officer. Based on the violations, the court revoked Cherry's probation and ordered him to serve his

2

underlying sentence. The court explained that because Cherry's original sentence of probation had been a dispositional departure (since Cherry had a presumptive prison sentence) "the sentencing guidelines don't require there to be an intermediate sanction before there can be a revocation and a remand to [the Department of Corrections]."

Cherry appealed to our court, arguing that the district court erred by revoking probation without first imposing an intermediate sanction of three days in jail. But he hasn't shown that the district court made an error.

Traditionally, district courts in Kansas have had broad authority to revoke probation on any significant violation. A 2013 statutory change limited that discretion and required that intermediate sanctions generally be used before the court can revoke probation and impose the underlying prison sentence. See K.S.A. 2018 Supp. 22-3716. But the district court didn't have to use intermediate sanctions in this case: Cherry was on probation in the first place because the sentencing court had granted a dispositional departure, so the district court had the discretion to revoke probation and impose the prison sentence if Cherry violated his probation. See K.S.A. 2018 Supp. 22-3716(c)(9)(B).

When the district court has that option, we may set aside its decision to revoke probation only for abuse of discretion. A court abuses its discretion if its decision is based on factual or legal error or no reasonable person would agree with it. See *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016); *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015).

We find no abuse of discretion here. It is undisputed that Cherry was originally granted probation as the result of the district court granting him a dispositional departure at sentencing, and Cherry stipulated to violating some of the terms of his probation. That gave the district court the option to revoke his probation and impose the underlying

prison sentence without first imposing an intermediate sanction. Based on our review of Cherry's statements to the district court, we conclude that a reasonable person could agree with the conclusion the district court made—that Cherry wasn't a good candidate for further probation.

On Cherry's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the district court, and we find no error in its decision to revoke Cherry's probation.

We affirm the district court's judgment.