NOT DESIGNATED FOR PUBLICATION

No. 119,794

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v

CHARLES EDWARD GRAYSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; SCOTT E. MCPHERSON, judge. Opinion filed March 8, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

LEBEN, J.: Charles Grayson appeals the district court's decision to revoke his probation and order that he serve the underlying sentences on his convictions for possession of hydrocodone with the intent to distribute and possession of marijuana. Grayson argues on appeal that the district court should have given him an additional chance at probation. But since Grayson was on probation as the result of a dispositional-departure sentence (from a presumptive prison sentence to probation), the court wasn't required to give him another chance on probation. See K.S.A. 2018 Supp. 22-3716(c)(9)(B).

Because of that, we review the district court's decision only for abuse of discretion. Unless the court based its decision on a factual or legal error (which is not

claimed here), we reverse only if no reasonable person would agree with the district court's decision. See *State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296 (2015).

In May 2016, the district court sentenced Grayson on his felony conviction for possession with the intent to distribute hydrocodone in case No. 2016-CR-22 and for misdemeanor possession of marijuana in case No. 2016-CR-165. Under our state's sentencing guidelines for felony cases, there's a presumptive sentence based on the severity of the offense and the defendant's criminal record. For Grayson's felony conviction here, the presumptive sentence was 32 to 36 months in prison. For his misdemeanor conviction, the court could give him up to 12 months in jail. The court granted Grayson a dispositional departure and sentenced him to 18 months of probation. If Grayson didn't successfully complete the probation, he had underlying sentences of 34 months in prison for the felony offense and 12 months in jail for the misdemeanor offense. The court made those sentences consecutive to one another, making the total sentence 46 months. (When it revoked Grayson's probation, the court shortened his misdemeanor sentence from 12 months to 6 months.)

In a period of about two years, Grayson violated his probation several times and served a total of 94 days in jail as sanctions for the violations. The district court extended Grayson's probation for 12 months because of Grayson's violations. That gave Grayson extra time to complete the probation.

In March 2018, though, there were allegations that Grayson had again violated his probation. Based on an affidavit from Grayson's probation officer, who included an allegation that she no longer knew where to find Grayson, the court issued a warrant for his arrest. After his arrest, the court then held a hearing on the allegations in May.

The hearing wasn't as focused as should be expected for the determination of important matters like whether a defendant's probation will be revoked and the defendant

sent to prison. After some discussion with Grayson's attorney, the court asked Grayson to say whether he agreed "that in large part you're admitting to violating" the probation. Grayson agreed, but the court didn't clarify which violations he was admitting to.

The probation officer's affidavit had alleged that Grayson had failed to report to her on three separate dates, that he had failed to attend drug and alcohol treatment as directed, that he had failed to make payments toward court costs, that he had failed to complete community-service work, and that he had tested positive for methamphetamine. Grayson's attorney said, "[W]e do acknowledge that there were reporting difficulties." And he agreed that Grayson had tested positive for methamphetamine, though on a different date than alleged in the affidavit. But he also pointed to problems with the probation officer's affidavit. While it purported to have been sworn to on March 19, it alleged that Grayson had failed to appear for a scheduled appointment three days after that, on March 22. (The affidavit was filed with the court on March 28.) In addition, on the date given in the affidavit for the failed drug test, Grayson had been in jail, finishing up a three-day sanction for a previous positive test for methamphetamine.

So what we have from the May 2018 hearing is an admission from Grayson that he was "in large part . . . admitting to violating" his probation, his attorney's admission that he had "reporting difficulties," and his attorney's admission to at least one positive methamphetamine test. The admission of reporting difficulties came in response to the specific allegation that Grayson had failed to report as directed on three occasions; at least for the two that occurred before the affidavit was purportedly signed, that's sufficient to show the failure to report. While more care should have been taken to clarify the specific probation violations Grayson was admitting to, the record shows that he did admit to violating at least some of the requirements of his probation. On appeal, Grayson does not challenge the district court's finding that he had once again violated his probation.

3

We turn, then, to whether a reasonable person could have concluded, as the district court did, that it was appropriate at that point to revoke Grayson's probation and send him to serve his underlying sentences. We conclude that a reasonable person could agree with that decision.

Grayson had violated his probation time and again, and he had already served 94 days in jail as sanctions for past violations. While Grayson explained to the court that he had no car and had difficulty getting to meetings with his probation officer, the court noted that he had simultaneously been getting to work at a fast-food restaurant that was also a significant distance from his home. The court also said that Grayson was "doing some things right," including getting good reviews at work. But the court also concluded that Grayson wasn't going to be successful on probation—a conclusion supported by Grayson's record over the past two years. We find no abuse of discretion in the district court's decision to revoke Grayson's probation and require that he serve his underlying sentences.

On Grayson's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the district court, and we find no error in its decision.

We affirm the district court's judgment.

4