NOT DESIGNATED FOR PUBLICATION

No. 120,063

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERIC SCOTT PETERS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; SCOTT E. MCPHERSON, judge. Opinion filed May 17, 2019.
Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and LEBEN, JJ.

PER CURIAM: Eric Peters appeals the district court's decision to revoke his
probation and order that he serve the underlying prison sentence on his conviction for
possession of methamphetamine with the intent to distribute. Peters argues on appeal that
the district court should have given him another chance at probation. But since Peters was
on probation as the result of a dispositional-departure sentence (from a presumptive-
prison sentence to probation), the court wasn't required to give him another chance on
probation. See K.S.A. 2018 Supp. 22-3716(c)(9)(B).

Because of that, we review the district court's decision only for abuse of
discretion. Unless the court based its decision on a factual or legal error (which is not

claimed here), we reverse only if no reasonable person would agree with the district court's decision. See *State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296 (2015).

In May 2018, the district court sentenced Peters on his felony conviction for possession with intent to distribute methamphetamine. Under our state's sentencing guidelines for felony cases, there's a presumptive sentence based on the severity of the offense and the defendant's criminal record. For Peters' felony conviction here, the presumptive sentence was 101 to 113 months in prison. But rather than send Peters straight to prison, the court granted Peters a dispositional departure and sentenced him to 36 months of probation. If Peters didn't successfully complete the probation, he had an underlying sentence of 108 months in prison for his offense.

A couple of months after Peters was sentenced to probation, he appeared before the court to address allegations that he had violated his probation by testing positive for methamphetamine two times, by failing to attend a substance-abuse evaluation, and by failing to report to his probation officer. Peters admitted that he had committed the alleged violations, but he asked the court to give him another chance at probation and send him to drug treatment rather than revoke his probation. The court declined Peters' request and ordered him to serve his underlying prison sentence.

On appeal, Peters does not challenge the district court's finding that he had once again violated his probation. We turn, then, to whether a reasonable person could have concluded, as the district court did, that it was appropriate at that point to revoke Peters' probation and send him to serve his underlying sentence. We conclude that a reasonable person could agree with that decision.

As the district court pointed out at Peters' revocation hearing, Peters had been given many chances at probation in prior misdemeanor cases and had had his probation in a prior felony case revoked. Despite receiving a dispositional-departure sentence here,

Peters still continued to use drugs and failed to maintain communication with his probation officer, supporting the district court's conclusion that Peters "ought to know better." Based on the record available to us, we find no abuse of discretion in the district court's decision to revoke Peters' probation and require that he serve his underlying sentence.

On Peters' motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the district court, and we find no error in its decision.

We affirm the district court's judgment.