NOT DESIGNATED FOR PUBLICATION

No. 121,272

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BENJAMIN MARKUS MADACS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed March 13, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., HILL AND LEBEN, JJ.

PER CURIAM: Benjamin Madacs appeals the district court's decision to revoke his probation and order that he serve the underlying sentence on his convictions for methamphetamine possession and theft. Madacs argues on appeal that the district court should have ordered intermediate sanctions, such as a short jail stay followed by a return to probation, rather than send him to prison. But Madacs had already had plenty of chances to succeed on probation; the court wasn't required to give him another.

Madacs was first sentenced to probation in 2014. Between 2014 and 2019—when Madacs' probation was finally revoked and he was sent to serve his prison sentence—he received several "second" chances. In fact, he was given intermediate sanctions seven times. Five of those sanctions were short jail stays imposed by Madacs' probation officer.

The other two sanctions were imposed by the court after it found that he'd violated his probation. At the first violation hearing, the court ordered Madacs to serve 6 days in county jail and extended his probation for 18 months. When Madacs violated his probation again, the court ordered that he serve 120 days in prison and extended his probation by 12 months.

But Madacs once again violated probation. The court found five violations after an evidentiary hearing: that Madacs had been discharged from inpatient drug treatment and two sober-living houses for behavioral issues and noncompliance; he had admitted to drug and alcohol use; he had failed to regularly attend mental-health treatment; he had possessed a firearm; and he had threatened self-harm.

Madacs asked the court to give him another chance on probation so that he could get substance-abuse and mental-health treatment. But the court revoked his probation and imposed his underlying 17-month prison sentence. The court said that Madacs had failed to take advantage of numerous opportunities to get treatment, despite his probation officer going "above and beyond."

Madacs hasn't shown that the district court erred in its decision. Traditionally, district courts in Kansas have broad authority to revoke probation on any significant violation. That discretion was limited in Madacs' case by K.S.A. 2018 Supp. 22-3716, which required that a court generally use intermediate sanctions before it could revoke probation and impose the underlying prison sentence. But here the district court had already used these intermediate sanctions, so the district court had the discretion to revoke probation and impose the prison sentence on a further probation violation. See K.S.A. 2018 Supp. 22-3716(c).

When the district court has that option, its discretionary decision may be set aside only for abuse of discretion. A court abuses its discretion if its decision is based on

2

factual or legal error or no reasonable person would agree with it. See *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016); *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015).

We find no abuse of discretion here. Madacs had already had many chances to succeed at probation and treatment. So a reasonable person could easily have concluded that Madacs didn't deserve any more.

On Madacs' motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke Madacs' probation.

We therefore affirm the district court's judgment.