NOT DESIGNATED FOR PUBLICATION

No. 122,286

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID MICHAEL GRIFFITT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Decatur District Court; PRESTON PRATT, judge. Opinion filed July 31, 2020.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and
(h).

Before GREEN, P.J., ATCHESON and GARDNER, JJ.

PER CURIAM: David Michael Griffitt appeals the trial court's decision to revoke
his probation. We granted Griffitt's motion for summary disposition under Supreme
Court Rule 7.041A (2020 Kan. S. Ct. R. 47). After reviewing the record and finding no
error, we affirm.

On March 13, 2018, Griffitt pled guilty to possession of marijuana with intent to
sell, a severity level 4 drug felony, in violation of K.S.A. 2017 Supp. 21-5705. When
Griffitt committed this offense, he was on supervision for another crime in Nebraska.
Griffitt's criminal history was classified as an E at sentencing, and the trial court

1

sentenced Griffitt to 18 months of probation with an underlying prison term of 30 months.

On November 2, 2019, Griffitt stipulated to violating his probation by committing two new crimes—felon in possession of a weapon, a felony, and driving with a suspended license, a misdemeanor, in Hitchcock County, Nebraska. The trial judge then found that Griffitt had violated the terms of his probation.

Griffitt asked the trial court to impose a 180-day prison sanction, but the court instead revoked Griffitt's probation under K.S.A. 2017 Supp. 22-3716(c)(8)(A) because Griffitt had committed a new crime. The court reasoned that Griffitt had not shown that he took probation seriously because this was the second time he had committed a new crime while on probation. The court then ordered Griffitt to serve his underlying 30-month prison sentence.

Griffitt timely appealed the revocation of his probation. In his motion for summary disposition, Griffitt alleges that the trial court abused its discretion by ordering him to serve his underlying prison sentence instead of reinstating his probation. Griffitt acknowledges, however, that the trial court had discretion to revoke his probation when he committed a new crime, thus violating the terms of his probation. See K.S.A. 2017 Supp. 22-3716(c)(8)(A).

Once a probation violation and an exception to the intermediate sanctions are established, the trial court has discretion in determining whether to continue the probation or to revoke and require the defendant to serve the underlying prison sentence. See *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015). Judicial discretion is abused if the action (1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Cameron*, 300 Kan. 384, 391, 329 P.3d 1158

(2014). Griffitt bears the burden of showing that the trial court abused its discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Griffitt does not argue that the trial court made an error of fact or law. Instead, he argues the trial court's decision was unreasonable. But Griffitt's argument is unpersuasive. When Griffitt committed the crime in this case, he was on supervision for another crime. He was still granted probation and was informed that any violation of that probation could result in serving the underlying 30-month sentence. Knowing this, Griffitt violated his probation by committing two new crimes. Based on this alone, the trial court had discretion to revoke his probation. See K.S.A. 2017 Supp. 22-3716(c)(8)(A). Griffitt failed to show that no reasonable person would have taken the view adopted by the trial court. We, therefore, affirm the trial court's decision.

Affirmed.