NOT DESIGNATED FOR PUBLICATION

Nos. 124,827
124,828
124,829

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ZACHARY RYAN THOMPSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Opinion filed October 14, 2022. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GARDNER and CLINE, JJ.

PER CURIAM: Zachary Ryan Thompson appeals the revocation of his probation in three criminal cases. We consolidated these cases on appeal and granted Thompson's unopposed motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). Finding no abuse of discretion by the district court, we affirm.

1

The State charged Thompson with various offenses in No. 20 CR 105 (Case 1), occurring in March 2020, and No. 20 CR 136 (Case 2), occurring in May 2020. Under a global plea agreement, Thompson pled no contest to possession of methamphetamine with intent to distribute, a severity level 2 felony, in Case 1 and no contest to aiding and abetting an aggravated battery, a severity level 4 felony, in Case 2. The State dismissed the remaining charges.

The district court sentenced Thompson for both cases in February 2021. Both convictions carried presumptive prison sentences, but the district court granted Thompson's motions for downward dispositional departure. The district court ordered Thompson to serve 117 months in prison in Case 1 and 50 months in prison in Case 2 but released him on probation for a term of 36 months in both cases.

In No. 20 CR 456 (Case 3), Thompson was charged with several more crimes which occurred in November 2020. He pled no contest to one of the charges—possession of methamphetamine—and the State dismissed the others. His criminal history and the severity level of the crime placed him in a border box on the sentencing grid for drug crimes, which is a presumptive prison sentence. At sentencing in April 2021, the district court granted Thompson's request for an optional nonprison sentence, authorized by K.S.A. 2020 Supp. 21-6805(d). The court sentenced Thompson to 30 months in prison but released him on probation for a term of 36 months.

Later that year, the State alleged that Thompson violated the terms of his probation by failing to adhere to the conditions of probation and by committing new crimes. The district court conducted an evidentiary hearing on the allegations in January 2022. Following the hearing, the district court found that Thompson violated the terms of his

probation as alleged. The district court revoked Thompson's probation and ordered him to serve the underlying sentences in all three cases.

Thompson appealed. On appeal, he contends that the district court abused its discretion in ordering him to serve the underlying sentences instead of reinstating probation.

ANALYSIS

After finding that a probation violation has occurred, the district court must impose intermediate sanctions before revoking probation unless an exception exists. These exceptions include where probation was originally granted as the result of a dispositional departure or where the offender committed a new felony or misdemeanor while on probation. See K.S.A. 2021 Supp. 22-3716(c)(7)(B)-(C). Once an exception to the intermediate sanctions requirement is established, the district court has discretion in determining whether to continue the probation or to revoke and require the defendant to serve the underlying prison sentence. The district court abuses its discretion if its decision is based on an error of fact or law, or if no reasonable person would agree with its decision. *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015).

Here, the district court had statutory authority to revoke Thompson's probation because he committed new crimes while on probation. K.S.A. 2019 Supp. 22-3716(c)(7)(C). The court had an additional statutory basis for revoking Thompson's probation in Cases 1 and 2 because Thompson received probation in those cases as a result of a dispositional departure. K.S.A. 2019 Supp. 22-3716(c)(7)(B); see also K.S.A. 2020 Supp. 21-6804(q) (stating that when the district court imposes an optional nonprison sentence for border box offenses, as was the case in Case 3, the sentence shall not be considered a departure sentence). And a reasonable person could agree with the district court's decision to revoke Thompson's probation. Thompson was granted several

3

chances at probation but each time he committed new crimes. The district court's conclusion that Thompson would not be successful on probation was reasonable.

Affirmed.