NOT DESIGNATED FOR PUBLICATION

Nos. 118,352
118,353
118,354

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENNETH JAMES NELSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed May 4, 2018. Affirmed.

Submitted for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Kenneth Nelson appeals the district court's decision to revoke his probation and order him to serve his underlying prison sentences. He contends that the district court abused its discretion by sending him to prison rather than giving him another chance on probation. But the court had already given Nelson more than one chance to succeed on probation before Nelson's final probation violations. This gave the district court the discretion to send him to prison. We find no abuse of discretion in the district court's decision to do so.

Nelson's appeal stems from three cases against him in Saline County:

- No. 14CR1177, in which he was convicted of felony possession of marijuana;
- No. 14CR995, in which he was convicted of felony possession of marijuana, felony possession of methamphetamine, felony possession of drug paraphernalia, misdemeanor possession of psilocybin, and misdemeanor possession of drug paraphernalia; and
- No. 15CR588, in which he was convicted of felony possession of methamphetamine.

Nelson was sentenced in September 2015 at a single hearing for all three cases. The district court sentenced Nelson to probation for 12 months with three underlying 28-month sentences to be served consecutively (for a total 84-month sentence) if he did not successfully complete probation. As part of his probation, the court ordered Nelson to complete a drug-and-alcohol-treatment program.

About a year after sentencing, the State sought to revoke Nelson's probation, alleging that he violated the terms of his probation. Nelson admitted that he violated his probation terms by consuming alcohol and drugs, failing to successfully complete the drug-and-alcohol-treatment program, failing to obtain employment, failing to pay court fees, and failing to report to his intensive-supervision officer. Nelson had already served three jail stays (between three and seven days each) for probation violations. Nelson asked for another chance to complete his probation, and the court gave him one. As a sanction for the violations, the court ordered that Nelson serve 180 days in the state prison. After serving that time, Nelson was put back on probation.

In May 2017 the State again sought to revoke Nelson's probation. The State alleged that Nelson tested positive for drugs, failed to complete his drug-treatment program, failed to submit to a urinalysis, and failed to report for supervision. Nelson

admitted the violations. This time, the court revoked Nelson's probation and ordered him to serve his underlying sentences, which total 84 months in prison.

On appeal, Nelson argues that he's a drug addict, so the court should have given him another chance at probation so he could go to drug treatment. He also argues that he should have been given probation so that he could work and contribute to society.

Traditionally, district courts in Kansas have broad authority to revoke probation on any significant probation violation. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A 2013 statutory change limited that discretion and required that intermediate sanctions (like a short stay in jail) be used before the court can revoke probation and impose the underlying prison sentence. But here, the district court had already used intermediate sanctions, so the district court had the discretion to revoke probation and impose Nelson's underlying prison sentences after another probation violation. See K.S.A. 2017 Supp. 22-3716(c)(1)(E).

As a result, we review the district court's decision only for abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the district court. See *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016); *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015).

We find nothing unreasonable about the district court's decision here. Nelson had several chances to successfully complete his probation, and he didn't take advantage of the drug-treatment programs offered as part of the probation. Given Nelson's probation violations, a reasonable person could agree with the district court's decision to order Nelson to serve his underlying sentences.

On Nelson's motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke Nelson's probation.

We affirm the district court's judgment.