NOT DESIGNATED FOR PUBLICATION

Nos. 118,297
118,298

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRITTANY LOUISE FULTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed October 26, 2018. Remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Amy E. Norton*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON and LEBEN, JJ.

PER CURIAM: Brittany Louise Fulton appeals the district court's decision to revoke Fulton's probation and require her to serve her underlying prison sentences. She argues that the district court should have entered intermediate sanctions instead of revoking her probation because she committed the new crime for which the court revoked her probation after her probation had ended.

We agree. Although Fulton committed various technical probation violations while she was on probation, she didn't commit a new crime until after her probation had

ended. As a result, the district court erred by revoking her probation based on a new crime rather than imposing graduated sanctions based on Fulton's admitted technical violations. We therefore remand for a new hearing.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2013, Fulton pleaded no contest to one count of unlawful possession of a controlled substance in case No. 13-CR-783. The district court sentenced Fulton to 12 months of probation, with a 20-month underlying prison sentence that she would have to serve if she didn't successfully complete probation.

In April 2014, Fulton pleaded no contest to one count of unlawful possession of hydrocodone in case No. 14-CR-214. At the plea hearing, Fulton stipulated to violating her probation in case No. 13-CR-783. The district court sentenced Fulton to 12 months of probation, with a 20-month underlying sentence that she would have to serve if she didn't successfully complete probation. The court ordered that, if served, Fulton's prison sentence in case No. 14-CR-214 would be served consecutive to her sentence in case No. 13-CR-783.

A year later, in March 2015, Fulton admitted violating her probation in case Nos. 13-CR-783 and 14-CR-214. The court ordered Fulton to serve a 30-day sanction in jail and extended her probation in both cases by another 12 months.

On March 10, 2016, the State moved to revoke Fulton's probation in case Nos. 13-CR-783 and 14-CR-214 based on allegations that Fulton committed five technical probation violations, including using drugs. Fulton's probation for case Nos. 13-CR-783 and 14-CR-214 ended later that month.

Then in May 2016, Fulton committed two new crimes—possession with intent to distribute a controlled substance and lacking a drug-tax stamp. Those crimes were charged

in case No. 16-CR-541. She was convicted of those crimes in April 2017. The district court sentenced Fulton to 30 months in prison for that conviction.

At that sentencing hearing, the court also took up the motion to revoke her probation in case Nos. 13-CR-783 and 14-CR-214. Fulton admitted to committing the technical probation violations alleged in the State's March 2016 motion to revoke, but the court noted that it couldn't revoke Fulton's probation because it hadn't yet imposed intermediate sanctions. The court continued Fulton's revocation proceedings so the State could amend its motion to revoke and add allegations of the new crimes Fulton had committed that were charged in case No. 16-CR-541.

In its amended motion, the State alleged that Fulton committed the new crimes from case No. 16-CR-541 along with the five technical violations it had alleged in its March 2016 motion. Fulton stipulated to all the alleged violations, including the new crimes, and the district court revoked Fulton's probation and ordered her to serve her underlying sentences in case Nos. 13-CR-783 and 14-CR-214.

Fulton then appealed to our court.

ANALYSIS

Fulton argues that the district court erred by revoking her probation based on crimes she committed after her probation was complete. Although she admitted committing what we call technical violations of her probation (acts that violate probation conditions but aren't otherwise unlawful), she says the district court first should've imposed short stays in jail before revoking her probation. See *State v. Brown*, 51 Kan. App. 2d 876, 880, 357 P.3d 296 (2015) (defining "technical violations").

3

Fulton admits not raising this issue before the district court. While appellate courts generally don't consider issues raised for the first time on appeal, an exception to the rule allows consideration of a newly raised issue when the issue involves only a question of law arising on proved or admitted facts and determines the case. *State v. Swint*, 302 Kan. 326, 335, 352 P.3d 1014 (2015). The State agrees that this exception applies here.

If a probationer, like Fulton, commits a technical violation of his or her probation, the district court generally must exhaust a series of intermediate sanctions including a 2- or 3-day "quick dip" in jail and then either a 120-day or 180-day sanction in state prison before the court can order that the probationer serve his or her underlying sentence. See K.S.A. 2017 Supp. 22-3716(c)(1)(B)-(E); *State v. Dooley*, 308 Kan. 641, 649, 423 P.3d 469 (2018). But if a probationer commits a substantive violation of probation—meaning he or she violates probation by committing an act that is also unlawful—the court can bypass intermediate sanctions and move directly to revoking probation. K.S.A. 2017 Supp. 22-3716(c)(8)(A); *Brown*, 51 Kan. App. 2d at 880 (defining "substantive violation"). Here, the district court revoked Fulton's probation rather than ordering her to serve an intermediate sanction because it found she had committed a new crime while on probation.

Fulton argues the court shouldn't have revoked her probation based on that provision because she committed her new crimes in May 2016—about two months after her probation had ended on March 25, 2016. Since she wasn't on probation when she committed the new crimes, Fulton says the court wasn't permitted to bypass graduated sanctions for technical violations of probation.

The State does not contest this point, and we agree with Fulton. Kansas law provides that "[i]f the offender commits a new felony or misdemeanor *while the offender is on probation*, assignment to a community correctional services program, suspension of sentence or nonprison sanction, the court may revoke the probation . . . without having

4

previously imposed a sanction." (Emphasis added.) K.S.A. 2017 Supp. 22-3716(c)(8)(A). As Fulton correctly points out, her probation ended on March 25, 2016—one year after her probation was extended for a year after she served 30 days in jail for prior probation violations—but she didn't commit the crimes for which the court revoked her probation until May 2016. Since Fulton wasn't on probation when she committed her new crimes, the district court had to impose graduated intermediate sanctions for the technical violations to which Fulton stipulated. See *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 9, 182 P.3d 1231 (2008) (explaining that "post-probationary-period conduct cannot be considered by the court during the violation stage of the proceedings"). The court's failure to do so was reversible error.

Although the district court erred when it revoked Fulton's probation based on new crimes she committed after her probation was complete, the State still argues that the district court had the authority to revoke Fulton's probation. The State suggests that Fulton did, in fact, commit a new crime on probation because she used illegal drugs while on probation, and "[t]he possession of the drugs Fulton admitted to using is a crime." Fulton counters that Kansas criminalizes the possession of drugs but not the use of drugs, citing *Brown*, 51 Kan. App. 2d at 881.

In *Brown*, 51 Kan. App. 2d at 881, our court explained that "[the defendant]'s admission to 'using' methamphetamine . . . was a technical violation [because] Kansas law criminalizes methamphetamine *possession*, not its use." (Citing K.S.A. 2014 Supp. 21-5706[a].) Based on *Brown*, *using* illegal drugs is not a separate crime, so Fulton's stipulation to using drugs didn't provide a basis for revoking Fulton's probation on the premise that she had admitted to committing a new crime while on probation.

Because Fulton didn't commit her crimes in case No. 16-CR-541 while she was on probation, the district court erred by revoking her probation without first imposing intermediate sanctions. We remand for a new hearing to determine the proper disposition.

5