NOT DESIGNATED FOR PUBLICATION

No. 120,237

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTIAN D. CHILES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick County District Court; KEVIN J. O'CONNOR, judge. Opinion filed April 26, 2019. Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before SCHROEDER, P.J., BUSER and ATCHESON, JJ.

PER CURIAM: Christian Chiles appeals the district court's revocation of his probation. In his initial sentencing, the district court granted him a downward dispositional departure and imposed probation instead of prison. We granted Chiles' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed a response and requests the district court's judgment be affirmed.

In 2017, Chiles pled guilty to two counts of aggravated battery and one count of aggravated burglary stemming from the same incident. Although the sentencing guidelines recommended presumptive prison, the district court sentenced Chiles to 45 months' imprisonment and granted him a downward dispositional departure to probation.

1

Shortly thereafter, his probation was modified with an assignment to the community corrections residential program. In 2018, the State issued two warrants for Chiles' arrest on charges of aggravated escape from custody, absconding from community corrections' supervision, resisting and obstructing arrest, and trespassing.

Chiles pled guilty to aggravated escape from custody in a new criminal case. At his probation revocation hearing, Chiles admitted to trespassing and resisting and obstructing arrest while he was absent from community corrections without permission. The district court revoked Chiles' probation based on his admission and his guilty plea to a new crime. Chiles argues the district court abused its discretion by revoking his probation.

The decision to revoke probation rests in the sound discretion of the district court when there is evidence to support a probation violation. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A district court may revoke probation when a new crime is committed while on probation without first imposing an intermediate sanction. K.S.A. 2018 Supp. 22-3716(c)(8). After establishing a probation violation, the district court may also revoke probation without first imposing an intermediate sanction if the sentencing court granted a dispositional departure to probation. See K.S.A. 2018 Supp. 22-3716(c)(9)(B). The appellate court reviews the district court's decision to revoke probation for an abuse of discretion. See *State v. Brown*, 51 Kan. App. 2d 876, 879, 357 P.3d 296 (2015). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting an abuse of discretion bears the burden of establishing it. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). Chiles fails to present any facts which support an abuse of discretion.

The district court revoked Chiles' probation pursuant to K.S.A. 2018 Supp. 22-3716(c)(8) and (c)(9)(B). Both Chiles and the State agree he violated his probation. These violations included both a guilty plea to a new crime and his admission to trespassing and resisting and obstructing arrest. Chiles' actions constitute multiple probation violations and provide a sufficient factual and legal basis to revoke his probation.

Based on a complete review of the record, we find both factual and statutory support for the revocation of Chiles' probation. We also find no reasonable person would disagree with the decision to revoke Chiles' probation.

Affirmed.