NOT DESIGNATED FOR PUBLICATION

No. 119,516

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CRAIG L. KIRKENDOLL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed May 3, 2019. Affirmed.

Submitted for summary disposition by the parties pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., PIERRON AND MALONE, JJ.

PER CURIAM: Craig L. Kirkendoll appeals the district court's decision to revoke his probation and impose the underlying sentence. We granted Kirkendoll's motion for summary disposition under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State responded to Kirkendoll's motion for summary disposition, requesting we affirm the district court's decision. After considering the matter, we conclude the district court did not abuse its discretion in revoking Kirkendoll's probation and sending him to prison because he committed a new crime.

1

In June 2015, Kirkendoll pled guilty to one count of possession of methamphetamine. The district court sentenced him to 28 months in prison but granted him probation for 18 months.

In October 2015, Kirkendoll served a two-day jail sanction after testing positive for methamphetamine and amphetamine.

In January 2016, Kirkendoll admitted to violating his probation by failing to remain drug free. The district court placed Kirkendoll in the drug court program. The court also ordered him to serve a three-day jail sanction and extended his probation by 18 months.

In March 2016, Kirkendoll again admitted to several probation violations, including continued drug use and failure to submit a UA. The district court imposed a four-day jail sanction.

In July 2017, Kirkendoll consented to the district court extending his probation until August 4, 2018, because he had not paid all his drug court fees and he had not completed the drug court requirements for graduation.

In August 2017, Kirkendoll was convicted of aggravated assault. The district court sentenced him to 25 months in prison on that charge.

In May 2018, the district court found Kirkendoll in violation of his probation because of his new conviction. Kirkendoll asked the court to modify his original sentence because he had been doing well on probation up until he committed the new offense. The court denied his request and imposed the original sentence of 28 months in prison. Kirkendoll appeals, arguing the district court abused its discretion in imposing his original underlying sentence.

Unless otherwise required by law, probation is granted as a privilege and not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has established that a probation violation has occurred, the decision whether to revoke probation rests in the sound discretion of the district court. *State v. Brown*, 51 Kan. App. 2d 876, 879, 357 P.3d 296 (2015). A court abuses its discretion if its action is arbitrary, fanciful, or unreasonable, or if it is based on an error of law or fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Kirkendoll does not contend the district court's action was based on an error of law or fact. He has the burden of proving the revocation constituted an abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Upon revoking a defendant's probation, the district court may impose the underlying sentence, or any lesser sentence. K.S.A. 2018 Supp. 22-3716(c)(1)(E). Kirkendoll argues the district court erred by not reducing his prison sentence to less than 28 months. But as Kirkendoll acknowledges, the district court's decision to order a lesser sentence is discretionary. We find nothing unreasonable about the district court's decision not to modify his sentence. Kirkendoll had committed multiple probation violations before eventually committing a new violent crime. A reasonable person could agree with the district court's decision to impose the original sentence, rather than a shorter one.

Affirmed.