NOT DESIGNATED FOR PUBLICATION

No. 120,051

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN PATRICK STEVENSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; MIKE KEELEY, judge. Opinion filed May 17, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE AND LEBEN, JJ.

PER CURIAM: John Patrick Stevenson appeals the district court's denial of his motion to dismiss the State's 2018 allegation of a probation violation based on Stevenson's conviction of a new crime. Stevenson argues that the State waived its opportunity to revoke his probation for this violation because the State moved to revoke probation in 2015—after it learned of the offense—without mentioning it. Stevenson says that waived the State's ability to come back later and seek revocation based on earlier conduct.

But a Kansas statute gives the court the authority to issue a warrant or a notice to appear for a probation violation at any time during a defendant's probation term. See K.S.A. 2018 Supp. 22-3716(a). So the State was free to seek revocation in 2018 based on

any new crime Stevenson had committed while on probation. Thus, the court didn't err by denying Stevenson's motion to dismiss the State's motion to revoke his probation.

With that overview, let's review the background more fully. In 2015, Stevenson pleaded guilty to possession of methamphetamine. Based on a criminal-history score of A (the most-serious of nine criminal-history categories), the presumptive sentence for Stevenson was prison. But the district court gave Stevenson a departure sentence to probation. The court ordered that Stevenson serve 18 months on probation with an underlying sentence of 40 months in prison that Stevenson would have to serve if he didn't successfully complete his probation.

A few months after sentencing, in December 2015, the State moved to revoke Stevenson's probation because he had failed to report to his probation officer. It wasn't until 2017, though, that Stevenson appeared before the court to address the 2015 violation. At that hearing, Stevenson admitted that "he ha[d] basically absconded for two years." He also moved to amend his criminal-history score from A to C. The court granted that motion and, based on that amendment, modified Stevenson's underlying sentence from 40 months to 30 months in prison. (Based on the C criminal-history score, Stevenson still had a presumptive prison sentence but would have been in what's called a "border box" on the sentencing guidelines chart. That would have given the district court more options to grant probation. Since the district court granted probation, anyway, the error in his sentencing score didn't affect his sentence once it was corrected to 30 months.) The district court extended Stevenson's probation by 18 months (essentially restarting it) and ordered that Stevenson serve a three-day "quick dip" in jail for his probation violation.

In 2018, the State again moved to revoke Stevenson's probation, this time because Stevenson had been convicted of a new crime, criminal threat, and because he didn't pay

his court fees. The criminal threat had been committed in Ellis County in 2015; a jury convicted Stevenson of that offense in 2018.

Stevenson moved to dismiss the State's motion, arguing that the State had waived its right to pursue that violation because it knew of the pending charge in Ellis County when it moved to revoke Stevenson's probation in 2015. The court denied Stevenson's motion to dismiss.

At the probation-revocation hearing, Stevenson admitted that he had been convicted of a new crime, criminal threat, while on probation. Then the court revoked Stevenson's probation and ordered that he serve the underlying 30-month prison sentence.

On appeal, Stevenson argues that the district court erred in denying his motion to dismiss the probation violation. Stevenson does not challenge the district court's finding that he violated his probation or its decision to revoke his probation.

We will review the district court's decision to deny Stevenson's motion to dismiss his probation violation for an abuse of discretion. Unless the court based its decision on a factual or legal error, we reverse only if no reasonable person would agree with the district court's decision. See *State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296 (2015). Stevenson essentially argues that the district court made a legal error here by not finding that the State had waived its ability to assert the Ellis County crime as a probation violation when the State failed to include that allegation the first time it moved to revoke Stevenson's probation.

But in denying Stevenson's motion to dismiss, the district court cited K.S.A. 2018 Supp. 22-3716(a). It provides that "[*a*]*t any time* during probation . . . the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of release or assignment [or] a notice to appear to answer to a charge of violation . . . ." (Emphasis

3

added.) Based on this language, it didn't matter whether the State knew that Stevenson had charges pending against him when it filed its first motion to revoke in 2015. Nothing in the statute says the State must raise every possible reason to revoke probation as soon as it knows that reason exists. Often, when a new crime has been charged, the State will wait to see whether that leads to a conviction rather than seeking to prove the offense in two proceedings (both the new criminal case and a probation-revocation proceeding in the earlier one). Based on K.S.A. 2018 Supp. 22-3716(a), the State is free to do so.

On Stevenson's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the district court, and we find no error in its decision to deny Stevenson's motion to dismiss his probation violation.

We affirm the district court's judgment.

4