NOT DESIGNATED FOR PUBLICATION

Nos. 120,327
120,328

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEMETRIUS D.J. CARTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick County District Court; TERRY L. PULLMAN, judge. Opinion filed July 5, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Demetrius D.J. Carter appeals the district court's decision to revoke his probation and order that he serve the underlying prison sentence on his convictions for possession of marijuana with the intent to distribute and possession of drug paraphernalia. Carter argues on appeal that the district court abused its discretion by not giving him another chance at probation. But the court had already given Carter plenty of chances to succeed on probation; it wasn't required to give him another.

In 2016, Carter pleaded guilty to possession of marijuana with intent to distribute and possession of drug paraphernalia. The district court sentenced Carter to 18 months of probation, with an underlying sentence of 18 months in prison that Carter would have to serve if he didn't successfully complete his probation. Between 2016 and 2018—before

Carter's probation was finally revoked and he was sent to serve his prison sentence—the district court gave Carter several "second" chances at probation. The court ordered intermediate sanctions short of having Carter serve his full prison sentence four different times.

The first time Carter violated his probation by failing to attend his court-ordered drug-and-alcohol treatment and by using drugs. The district court ordered Carter to serve a 48-hour jail sanction for those violations.

A couple of months later, the district court ordered Carter to serve a 120-day sanction with the Kansas Department of Corrections for violating his probation by testing positive for drugs and alcohol. At that time, the court extended Carter's probation by 18 months.

When he finished the prison sanction and returned to probation, Carter again violated it, admitting to failing to abide by his curfew. The court ordered Carter to serve another two-day jail sanction for that violation.

Soon after that, Carter admitted that he had once again violated his probation by testing positive for drugs. The court ordered him to serve a 60-day sanction and extended his probation by an additional 18 months.

That brings us to the violation that triggered revocation of the probation and imposition of the prison sentence. Carter once again admitted to violating his probation by testing positive for drugs. The district court revoked Carter's probation and ordered him to serve his underlying sentence. Although Carter asked to be sent for drug treatment, the court said that based on Carter's repeated drug violations, "simply putting [Carter] back into Residential [treatment] doesn't make any sense."

Carter has appealed to our court that it was unreasonable for the district court to impose the underlying sentence instead of sending him back to drug treatment. But he hasn't shown that the district court made an error.

Traditionally, district courts in Kansas have had broad authority to revoke probation on any significant violation. A 2013 statutory change limited that discretion and required that intermediate sanctions generally be used before the court can revoke probation and impose the underlying prison sentence. But here the district court had already used these intermediate sanctions, so the district court had the discretion to revoke probation and impose the prison sentence on a further probation violation. See K.S.A. 2018 Supp. 22-3716(c).

When the district court has that option, its discretionary decision may be set aside only for abuse of discretion. A court abuses its discretion if its decision is based on factual or legal error or no reasonable person would agree with it. See *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016); *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015).

Carter hasn't suggested a factual or legal error, and we conclude that a reasonable person could agree with the district court's decision. Although at the final revocation hearing both Carter and his community-corrections officer asked the court to give Carter another chance at probation by sending him back to residential drug treatment, the court ultimately denied that request because Carter's record "was littered with drug use after drug use" and his past efforts at treatment had been unsuccessful. Those facts provided a reasonable basis for the district court's decision, and we find no abuse of discretion.

On Carter's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R.

3

47). We have reviewed the record available to the district court, and we find no error in the district court's decision to revoke Carter's probation.

We therefore affirm the district court's judgment.