NOT DESIGNATED FOR PUBLICATION

121,393

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MAURICE LAMONT SPICER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; STEVEN R. EBBERTS, judge. Opinion filed November 27, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: Maurice Lamont Spicer appeals the district court's decision to revoke his probation and order that he serve the underlying sentence on his conviction for felony interference with law enforcement. Spicer argues on appeal that the district court should have given him an additional chance at probation. But since Spicer was on probation as the result of a dispositional departure sentence from a presumptive prison sentence to probation, the court was not required to give him another chance on probation. See K.S.A. 2018 Supp. 22-3716(c)(9)(B).

We review the district court's decision for abuse of discretion only. Unless the court based its decision on a factual or legal error—which is not claimed here—we will reverse only if no reasonable person would agree with the district court's decision. See

1

*State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296 (2015). In this case, a reasonable person could agree with the court's decision to revoke because Spicer repeatedly violated the terms of his probation.

Spicer's underlying conviction was for severity level 9 interference with law enforcement. Based on our state's sentencing guidelines, the presumptive sentence was prison, but Spicer asked the district court to grant a dispositional departure to probation based on his mental impairment, family responsibilities, and acceptance of responsibility in this case. He also noted that his two previous person felonies had happened 9 and 23 years ago. In May 2018, the court granted Spicer's request for a departure and sentenced him to 15 months in prison but released him on probation for a term of 12 months.

In January and February of 2019, Spicer stipulated to three probation violations: He had lied to his probation officer, he had used alcohol, and he had submitted a urine sample that tested positive for narcotics. Spicer agreed to serve a 48-hour sanction in jail for each violation.

A couple of months of later, the State sought to revoke Spicer's probation based on a series of violations dating back to June 2018. It alleged that Spicer had failed to report to his probation officer, had lied to his probation officer, had used drugs and alcohol, and had committed new crimes while on probation.

Spicer admitted to those violations during a probation revocation hearing. He asked the court to impose a 30-day or 60-day prison sanction instead of revoking his probation. He explained he had nearly finished his 12 months of probation and he felt it was unfair to impose his underlying sentence when he had generally complied with his probation terms. Spicer said that his violations had been the result of being homeless and without transportation or a cell phone. He also said he had recently secured housing and he would lose it if he had to serve his underlying prison term. The State disputed Spicer's

2

account of his time on probation arguing he had not generally complied and had violations going back to the early stages of the 12-month term of probation.

The district court said it understood why Spicer was frustrated. Nevertheless, it revoked his probation. The court noted it had originally placed him on probation, even though the presumptive sentence was prison. The purpose of that departure was to give Spicer a chance to alter his behavior, but Spicer had not done that. The court noted that Spicer's violations stretched from June 2018—the first month of probation—to February 2019. For that reason, it revoked his probation and imposed the underlying sentence of 15 months in prison.

On appeal, Spicer argues the district court erred by revoking his probation outright instead of imposing a 30-day or 60-day prison sanction. He contends that because most of his violations were the result of homelessness, it was unreasonable for the court to impose the underlying sentence now that he had found housing. But Spicer has not shown that the district court made an error.

Traditionally, district courts in Kansas have had broad authority to revoke probation on any significant violation. But the Legislature amended the probation sanction framework in 2013 to require that intermediate sanctions generally be used before the court can revoke probation and impose the underlying sentence. See K.S.A. 2018 Supp. 22-3716. But here, the district court did not have to impose a 30-day or 60-day sanction in this case. Spicer was on probation in the first place because the court had granted a dispositional departure, so the court had the discretion to revoke probation and impose the prison sentence if Spicer violated his probation. K.S.A. 2018 Supp. 22-3716(c)(9)(B).

When the district court has that option, we may set aside its decision to revoke probation only for an abuse of distraction. A court abuses its discretion if its decision is

3

based on a factual or legal error or when no reasonable person would agree with it. See *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016).

The district court stated that its purpose in granting a dispositional departure from prison to probation was to give Spicer a chance to alter his behavior. It observed he had not done that. Spicer's violations were not isolated but instead occurred throughout the course of his probation term. A reasonable person could conclude that Spicer was not a good candidate for probation even if he was nearing the end of his 12-month term.

On Spicer's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). After reviewing the record, we find no error in the district court's decision to revoke Spicer's probation.

Affirmed.