NOT DESIGNATED FOR PUBLICATION

No. 121,243

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RODNEE RAY CAIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed February 28, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., HILL and LEBEN, JJ.

PER CURIAM: Asserting that the district court abused its discretion, Rodnee Ray Cain appeals the revocation of his probation after admitting to violating the terms of his probation.

We granted Cain's motion for summary disposition under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State responded, asserting the facts of this case and authorities cited by Cain preclude relief. After reviewing the record on appeal and finding no error, we affirm the district court's decision.

1

In November 2018, Cain pled guilty to two counts of criminal threat, one count of stalking, and one count of harassment by telecommunications device. The district court sentenced Cain to 15 months in prison, which it suspended to 12 months' probation.

Cain later admitted he had violated the terms of his probation by committing several new crimes in separate incidents. Cain was alleged to have committed a burglary of a residence, six counts of criminal damage to property, and one count of an aggravated weapons violation in March 2019. At the revocation hearing, defense counsel asserted these offenses would be consolidated to a single misdemeanor offense. Ultimately, the district court revoked his probation and sent Cain to prison.

On appeal, Cain contends the district court abused its discretion by revoking his probation and imposing the underlying prison sentence. Nonetheless, he recognizes that once there has been evidence of a probation violation, the decision to revoke probation rests in the sound discretion of the district court. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

The State points out that K.S.A. 2018 Supp. 22-3716(c)(8)(A) supports the court's decision and asserts Cain presented no compelling facts to show the district court abused its discretion. Indeed, that statute authorizes a court to revoke an offender's probation if the offender commits a new felony or misdemeanor while the offender is on probation without having previously imposed a sanction. See K.S.A. 2018 Supp. 22-3716(c)(8(A); *State v. Brown*, 51 Kan. App. 2d 876, 885, 357 P.3d 296 (2015).

Because Cain admitted to committing several new offenses while on probation, the district court was well within its discretion to revoke his probation and impose the underlying sentence. Even considering defense counsel's assertion that the offenses would be consolidated into a single misdemeanor, that would still constitute a "substantive" probation violation. See *Brown*, 51 Kan. App. 2d at 885.

2

Cain does not point to any errors of fact or law in the district court's decision, nor does he show that a reasonable person could not have taken the same position. Based on the record before us, we conclude the district court did not abuse its discretion.

Affirmed.