NOT DESIGNATED FOR PUBLICATION

No. 121,070

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER CASH BEWLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; F. WILLIAM CULLINS, judge. Opinion filed February 28, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before HILL, P.J., GREEN and WARNER, JJ.

PER CURIAM: Christopher Cash Bewley appeals the district court's order revoking his probation and imposing his underlying prison sentence. We granted Bewley's motion for summary disposition of this appeal under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We affirm.

In December 2016, Bewley pleaded no contest to charges of burglary, theft, and criminal trespass. In January 2018, the district court sentenced him to an 18-month prison term; the court then suspended this sentence and ordered Bewley serve 24 months' probation through community corrections. Bewley agreed to follow certain conditions during his probation term, including complying with requirements imposed by his intensive supervision officer and refraining from possessing drugs and violating the law.

1

But during probation, Bewley failed a drug test and admitted using methamphetamine. On a separate occasion, he was charged with driving without a license and possessing methamphetamine. He also failed to report to his supervision officer and to pay court costs he incurred as a result of his plea.

In December 2018, Bewley admitted to violating the conditions of his probation. The court therefore revoked his probation. But the court granted Bewley's request to refrain from ruling on the appropriate disposition for these violations for several weeks, while he attended drug court in Neosho County, to determine whether he would better respond to supervised probation during that program. In March 2019, the court revoked Bewley's probation and imposed the underlying prison sentence, relying on a case report from his supervision officer stating he was resistant to drug treatment. Bewley appeals the district court's decision.

Bewley argues the district court erred by revoking his probation and imposing the underlying sentence. Under the law in effect when Bewley violated the terms of his probation, the court could revoke probation without imposing an intermediate sanction when a defendant originally convicted of a felony committed a new felony or misdemeanor while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A). The decision to revoke probation when evidence of a violation exists lies in the district court's discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). The State must prove the violation by a preponderance of the evidence. 281 Kan. 1168, Syl. ¶ 1.

Appellate courts review a district court's discretionary probation revocation decision for an abuse of discretion. The reviewing court will uphold a revocation decision unless no reasonable person would agree with it or the district court based its decision on a mistake of fact or law. *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015), *rev. denied* 304 Kan. 1018 (2016).

Here, the record reflects that Bewley was arrested twice during his probation for driving with a canceled, suspended, or revoked license and once for possessing methamphetamine. Both these offenses are at least misdemeanors. See K.S.A. 2019 Supp. 8-262(a)(1); K.S.A. 2019 Supp. 21-5706(b)(2), (c)(2) (felony).

Bewley admitted to violating his probation by possessing methamphetamine and driving with a suspended license; doing so established a violation by a preponderance of the evidence. Since these violations were at least misdemeanors, Kansas law permitted the district court to revoke his probation and impose his underlying 18-month prison sentence. The court's decision to do so in this case—particularly after allowing Bewley several weeks to demonstrate his willingness to comply with probation and drug treatment—was reasonable and supported by the record. The district court did not abuse its discretion by revoking Bewley's probation and imposing his underlying prison sentence.

Affirmed.