NOT DESIGNATED FOR PUBLICATION

No. 120,737

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FRANCISCO JAVIER RIVERA,
*Appellant.*

MEMORANDUM OPINION

Appeal from Finney District Court; ROBERT J. FREDERICK, judge. Opinion filed April 10, 2020.
Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN AND POWELL, JJ.

PER CURIAM: Francisco Rivera appeals the district court's decision to revoke his probation and order that he serve the underlying sentences on his convictions for aggravated assault on a law enforcement officer, driving under the influence, and criminal deprivation of property. Rivera argues on appeal that the district court should have given him another chance at probation. But since Rivera was on probation as the result of a dispositional-departure sentence (from a presumptive prison sentence to probation), the court wasn't required to give him another chance on probation.

Rivera was arrested in September 2015 after he had stolen a van and then fled police officers who had tried to pull him over. He was drunk during the car chase, and he nearly struck a police car. Based on that incident, Rivera pleaded no contest to one

felony, aggravated assault on a law-enforcement officer, and two misdemeanors, criminal deprivation of property and driving under the influence. Under our state's sentencing guidelines for felony cases, there's a presumptive sentence based on the severity of the offense and the defendant's criminal record. For Rivera's felony offense here, the presumptive sentence was 40 to 46 months in prison. As for his misdemeanor offenses, the court could give him 12 months in jail for the criminal property deprivation and 6 months for the DUI.

The court granted Rivera a dispositional departure and sentenced him to 24 months of probation rather than sending him to prison. If Rivera didn't successfully complete the probation, however, he had underlying sentences of 46 months in prison for the felony offense and 18 months in jail for the misdemeanor offenses. The court made those sentences consecutive to one another, making the total sentence 64 months.

Nine months into Rivera's probation, the State alleged various violations and moved to revoke probation. After an evidentiary hearing on those allegations, the district court found that Rivera had violated his probation by testing positive for marijuana, failing to submit urine samples for drug screening, breaking curfew, getting fired for poor job attendance, and not paying court costs. Based on those findings, the court revoked Rivera's probation without first imposing any intermediate sanction, such as a short stay in jail followed by a return to probation.

It had the authority to do so under K.S.A. 2018 Supp. 22-3716(c)(9)(B). Under the probation-revocation statute in effect when the court revoked Rivera's probation, a district court had to impose intermediate sanctions—such as a 2-day jail sanction for the first violation and a 120-day prison sanction for the second violation—before it revoked probation. K.S.A. 2018 Supp. 22-3716(c)(1)(A)-(E). But a statutory provision gave the district court discretion to bypass those intermediate sanctions if it had granted probation as a result of a dispositional departure, as it had here. K.S.A. 2018 Supp. 22-3716(c)(9)(B).

Although that provision was enacted after Rivera committed his crimes in September 2015, neither party has suggested that the exception does not apply to this appeal.

Because the probation-revocation statute gave the district court the discretion to bypass intermediate sanctions and revoke Rivera's probation, we review the district court's decision only for abuse of discretion. Unless the court based its decision on a factual or legal error (which is not claimed here), we reverse only if no reasonable person would agree with the district court's decision. See *State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296 (2015).

A reasonable person could agree with the court's decision here. Rivera's presumptive sentence was prison, but the district court granted a dispositional departure to probation so that he could support his family financially. When the court did so, it was clear that Rivera's probation would be revoked if he violated it; the court said it wouldn't be imposing intermediate sanctions. But Rivera tested positive for marijuana, failed to take other drugs tests, and was fired from his job because he wasn't showing up. Given that, a reasonable person could conclude that Rivera wasn't serious about completing probation and was not a good candidate to continue it.

On Rivera's motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke Rivera's probation.

We affirm the district court's judgment.