NOT DESIGNATED FOR PUBLICATION

Nos. 121,071
121,072
121,073
121,074

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CAMRYN WILLIAM CULIFER,
*Appellant.*

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed May1, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., LEBEN, J., and MCANANY, S.J.

PER CURIAM: Camryn Culifer appeals the district court's decision to revoke his probation and send him to prison after he violated his probation in four separate cases. He argues that because his underlying problems were related to substance abuse and mental-health concerns, the court should have given him another chance on probation so that he could receive treatment. By sending him to prison instead, Culifer argues, the district court abused its discretion.

To consider that argument, we must first review the rules governing the district court's authority. Traditionally, the district court has had broad discretion in deciding to

revoke probation and impose the underlying sentence when a defendant violates probation. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2010). When something is a discretionary call for the trial judge to make, we reverse the decision only if it's based on an error of law or fact or if no reasonable person could agree with it. See *State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296 (2015).

At the time of Culifer's probation revocation, however, that discretion was limited by K.S.A. 2018 Supp. 22-3716(c). In most situations, that statute required that the court first impose intermediate sanctions, such as a 2- or 3-day jail stay, followed (if further probation violations occurred) by a 120-day or 180-day prison sanction, before imposing the full prison sentence. But there was an exception to the required intermediate sanctions if the defendant had committed a new crime; in that case, the court had the discretion to revoke probation without first imposing an intermediate sanction. K.S.A. 2018 Supp. 22-3716(c)(8)(A).

That exception applied in Culifer's case. Culifer was on probation in four separate criminal cases—one for domestic battery, one for methamphetamine possession, and two for criminal threat—when the State alleged a series of probation violations involving Culifer's threatening behavior and noncompliance at a residential recovery house. The State also alleged that Culifer had been convicted of a new crime, felony domestic battery. During a lengthy hearing on those allegations, Culifer admitted that he'd been convicted of the new offense.

The district court then chose to revoke Culifer's probation in all four cases. When imposing the sentence after revoking probation, the court can shorten the sentence, and the court did so here. The court reduced the sentence in Culifer's original domestic-battery case to 60 days in jail and ordered him to serve that consecutive to his underlying 40-month prison sentence in the drug-possession case (meaning that he would serve one

2

and then the other). Based on the time Culifer had already spent in custody awaiting probation-violation hearings or serving intermediate sanctions, the court found that he had already satisfied the underlying prison sentences in his two criminal-threat cases.

What we've established so far is that the district court *had* the discretion to revoke Culifer's probation—he had committed a new crime, so no more intermediate sanctions were required. We now must determine whether the court abused its discretion when it revoked his probation. Cullifer hasn't argued that the district court's decision was based on a legal or factual error, so we may reverse its decision only if no reasonable person would agree with the district court's decision. See *Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4.

A reasonable person could agree with the court's decision here. The court acknowledged that Culifer suffered from mental-health and substance-abuse disorders and that Culifer had developmental issues—indeed, those were reasons that the court had placed Culifer on probation in the first place instead of sending him to prison (which had been the presumptive sentence under the state's sentencing guidelines). But the court concluded that continuing probation was not a viable option for Culifer because he had been convicted of felony domestic violence while on probation for similar offenses. So despite intensive supervision, Culifer had not changed his behavior.

On Culifer's motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke Culifer's probation.

We affirm the district court's judgment.