NOT DESIGNATED FOR PUBLICATION

Nos. 123,793
123,794

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALAN J. BURKART,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed December 3, 2021.
Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL and POWELL, JJ.

PER CURIAM: Alan J. Burkart appeals the district court's decision to revoke his probation and impose the underlying prison sentences. Burkart moved for and we granted summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). After reviewing the record and finding no error, we affirm.

FACTUAL AND PROCEDURAL HISTORY

On February 6, 2019, Burkart was charged with one count of possession of methamphetamine and one count of stalking in 19CR312 (case 1). He pled guilty as

1

charged and the district court sentenced him to 15 months in prison but released him to 12 months of probation. One year later, Burkart admitted to violating the terms of his probation and the district court ordered Burkart to serve 60 days in custody and extended his probation another 12 months.

While on probation, Burkart was charged with aggravated escape from custody in 20CR932 (case 2). Burkart pled guilty and the district court sentenced him to 11 months in prison but released him on 18 months' probation—to be served consecutive to his sentence in case 1. Burkart also admitted to violating his probation in case 1 by committing a new crime and the district court imposed a 2-day quick-dip sanction and extended his probation for another 12 months.

Approximately a month later, the State filed a warrant seeking revocation of Burkart's probation. The State alleged that Burkart failed to report to his supervising officer as required, failed to provide required contact information, and failed to provide proof that he was attending drug and alcohol treatment. Burkart did not contest the allegations and the district court extended his probation another 12 months in both cases.

Again, less than a month later, the State filed another warrant seeking revocation of Burkart's probation in both cases. The State alleged that Burkart's electronic monitoring device was not charged, and his location could not be determined for several days. Burkart also failed to attend a required drug and alcohol assessment, did not report to his supervising officer as required, and failed to provide proof of residence at a residential facility.

Burkart did not contest the allegations. The district court revoked Burkart's probation in both cases and ordered him to serve his underlying sentences. The court found that revocation was appropriate because public safety and Burkart's welfare would not be served by further attempts at probation. The district court noted that Burkart

2

remained a danger to the community and himself because of his continued drug use and resistance to efforts made to help him get clean.

Burkart timely appealed the revocation of his probation.

ANALYSIS

In his motion for summary disposition, Burkart contends that the district court erred in revoking his probation and in ordering him to serve his underlying prison sentences. But he acknowledges that the district court had the discretion to revoke his probation under the circumstances. See K.S.A. 2020 Supp. 22-3716(c)(1)(C) and (7)(A) (district court may order underlying sentence to be served if defendant has already had intermediate sanctions or if the safety of the public or the defendant's welfare would be jeopardized otherwise). Once the State has established a probation violation and an exception to the intermediate sanctions' requirements, the district court has discretion in determining whether to continue the probation or to revoke and require the defendant to serve the underlying sentence. See *State v. Brown*, 51 Kan. App. 2d 876, 880-81, 357 P.3d 296 (2015).

Burkart bears the burden of showing that the district court abused its discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 261 (2012). An abuse of discretion occurs when judicial action "(1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact." *State v. Miller*, 308 Kan. 1119, 1138, 427 P.3d 907 (2018). Burkart does not argue that the district court's decision was based on an error of law or an error of fact, or that the district court's findings were not sufficiently particularized. His sole argument is that the district court's decision was unreasonable.

3

Burkart argues that the district court should have been more lenient with him because he tried to comply with the conditions of his probation but could not do so. But given Burkart's consistent failures to comply with the conditions of his probation, it was not unreasonable for the district court to revoke his probation and order him to serve his underlying sentences. Burkart had several opportunities to show the district court that he could comply with probation and maintain sobriety. But he failed to do so. Burkart fails to meet his burden to show that no reasonable person would have taken the view adopted by the district court.

Affirmed.