NOT DESIGNATED FOR PUBLICATION

Nos. 124,273
124,274

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRY L. WEBB,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed July 1, 2022. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Terry L. Webb appeals the district court's decision to revoke his probation. We granted Webb's motion for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48.) After reviewing the record and finding no error, we affirm.


FACTUAL AND PROCEDURAL HISTORY

In April 2018, in case No. 16CR1228, Webb pleaded guilty to contributing to a child's misconduct or deprivation, a severity level 7 person felony, and aggravated endangering of a child, for crimes committed in February and March 2016. At

1

sentencing, the district court granted Webb 24 months' probation with an underlying prison term.

At the same time, in case No. 17CR2990, Webb pleaded guilty to aggravated escape from custody, a severity level 8 nonperson felony, committed in September 2017. At sentencing, the district court granted Webb 18 months' probation with an underlying prison term.

In December 2018, the State sought a warrant, which was granted, for Webb's arrest. The warrant alleged that Webb failed to make required payments, failed a drug test, failed to complete a required drug and alcohol assessment, and failed to attend his sex offender treatment program. Another warrant was issued the next month which alleged that Webb failed to report to his supervising officer as directed.

In August 2019, the district court determined that Webb violated his probation and sanctioned him to 60 days in the county jail while also extending the term of his probation.

In September 2019, just 16 months since Webb was first placed on probation, the State requested another warrant for Webb's arrest. The warrant alleged that Webb broke the law by committing the offense of aggravated escape from custody. Yet again the court issued a warrant for Webb's arrest in December 2019 which alleged that Webb committed two new crimes—criminal threat and aggravated battery.

In May 2021, Webb was found guilty of aggravated escape from custody.

At a probation revocation hearing in July 2021, Webb presented three witnesses to testify towards Webb's positive character and the support system he would have if he was

granted probation in the new case and allowed to remain on probation on his previous cases.

The district court revoked Webb's probation without imposing additional graduated sanctions—finding that he committed a new crime while on felony probation.

Webb timely appeals the revocation of his probations. The two probation cases were consolidated into this single appeal. In his motion for summary disposition, Webb argues the district court's decision to revoke his probation was an abuse of discretion because it was unreasonable given his supporting witness testimony.

ANALYSIS

Once a probation violation and an exception to the graduated sanction requirements has been established, a district court has discretion in determining whether to continue a person's probation or to revoke the probation and require the defendant to serve his or her underlying sentence. See *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015). Under K.S.A. 2017 Supp. 22-3716(c)(8)(A), the district court had discretion to revoke Webb's probation and order him to serve his underlying sentences, without imposing required graduated sanctions, because Webb committed a new crime while he was on probation.

A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). If the State proves a violation of probation by a preponderance of the evidence, as it did here, the court's decision to impose a defendant's underlying sentence can be reversed only if no reasonable person would have reached the same conclusion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

3

Webb's argument that he had several character witnesses testify does little to assuage the fact that he was on probation in two separate cases when he committed a new crime by escaping from custody—the same crime for which he was on probation. So not only did Webb violate the law while on probation he did so by committing the same crime that led to his probation to begin with. Under these facts, Webb fails to show that the district court's decision was arbitrary, fanciful, or unreasonable under the circumstances. We, therefore, affirm the district court's decision.

Affirmed.