NOT DESIGNATED FOR PUBLICATION

No. 126,632

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RODNEY EUGENE WALLS JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed August 23, 2024. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before ISHERWOOD, P.J., WARNER and COBLE, JJ.

PER CURIAM: Rodney Eugene Walls Jr. appeals the district court's order revoking his probation and ordering him to serve a modified prison sentence. We granted Walls' motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). We find the district court did not abuse its discretion and affirm its judgment.

In April 2022, Walls pleaded no contest to aggravated burglary, a severity level 4 person felony. At sentencing, the district court found Walls had a criminal-history score of A and imposed a standard presumptive sentence of 162 months' imprisonment. The

1

court then granted Walls' motion for a dispositional departure, suspended the underlying sentence, and ordered Walls to serve 36 months of probation.

About a year later, Walls admitted that he had violated the terms of his probation by committing a new crime—criminal threat, a severity level 9 person felony—after he pleaded guilty to that crime in a separate case. The district court found Walls had violated the conditions of his probation, revoked his probation, and ordered him to serve a modified 120-month prison sentence. Walls appeals, arguing the district court erred by revoking his probation instead of taking a less drastic action.

As a starting point, we note that probation is an act of judicial leniency afforded a defendant as a privilege rather than a right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once a probation violation has been established, the decision to modify the terms of probation or to revoke probation altogether is entrusted to the sound discretion of the district court, subject to the limitations outlined in K.S.A. 22-3716. See *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015), *rev. denied* 304 Kan. 1018 (2016). A district court abuses this discretion when its action is arbitrary, fanciful, or unreasonable, or if it is based on a legal or factual error. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021).

If a person violates the terms of their probation, a district court can revoke that probation, even without having previously imposed some lesser sanction, if it originally resulted from a dispositional departure or if the person commits a new crime. See K.S.A. 22-3716(c)(7)(B) and (C). Walls does not dispute that both provisions applied to his case; nor does he allege the district court made any factual or legal errors.

Instead, Walls claims—with scant explanation—that the district court acted unreasonably when it revoked his probation and imposed a modified prison sentence. We disagree. K.S.A. 22-3716(b)(3)(B)(iii) authorizes a district court to order a defendant to

serve their original sentence or "any lesser sentence" after the court revokes their probation. The record shows that despite Walls' criminal-history score of A, the district court originally granted a dispositional departure in this case, in part, because Walls' next-most-recent conviction for a person felony happened around 19 years before his original sentencing in this case. The court chose to give Walls a chance to show that he could successfully complete probation, but Walls committed another person felony less than a year later. And yet the district court still modified his original prison sentence, reducing it by 42 months. This action was immanently reasonable under the circumstances.

As the appellant, Walls must demonstrate that the district court abused its discretion when it revoked his probation. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012). He has not done so. We therefore affirm the district court's judgment.

Affirmed.