NOT DESIGNATED FOR PUBLICATION

No. 128,295

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH DOLAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed August 8, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before CLINE, P.J., MALONE and PICKERING, JJ.

PER CURIAM: Joseph Dolan appeals the revocation of his probation and imposition of his underlying prison sentence. We granted Dolan's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement, Dolan pled guilty in April 2023 to criminal damage to property, a severity level 9 nonperson felony. The district court granted a dispositional departure and imposed 12 months' probation with an underlying term of 17 months' imprisonment.

1

In March 2024, Dolan admitted to violating the terms of his probation for failing to report as directed on January 29, 2024, and February 5, 2024, and failing to attend new client orientation on January 29, 2024, as directed. The district court imposed a 60-day jail sanction for these violations and extended his probation for 12 months. Then at another probation violation hearing, in June 2024, Dolan again admitted to violating the terms of his probation for twice failing to report in April 2024 as directed and also committing the offenses of possession of a controlled substance, use/possession with intent to distribute drug paraphernalia into the human body, and interference with a law enforcement officer.

The district court found that Dolan committed new criminal offenses since being granted probation and noted this was not Dolan's first violation of the terms of his probation. The court concluded Dolan was not amenable to probation, revoked his probation, and imposed his underlying sentence.

Dolan timely appeals the revocation of his probation and the imposition of his underlying prison sentence.

## DID THE DISTRICT COURT ERR IN REVOKING DOLAN'S PROBATION?

Dolan argues the district court abused its discretion in revoking his probation and ordering him to serve his underlying sentence. But he does not assert any arguments explaining how the court abused its discretion.

Once the State has proven a probation violation by a preponderance of the evidence, the district court has discretion to revoke probation and impose the underlying sentence, unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see also *State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296 (2015) ("Once a probation violation has been established, whether to revoke the

defendant's probation is a discretionary decision for the district court unless a statute specifically provides otherwise."). This court reviews the district court's revocation of probation for an abuse of discretion. "A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; (3) or is based on an error of fact." *Tafolla*, 315 Kan. at 328. As the party asserting an abuse of discretion, Dolan bears the burden of establishing such an abuse of discretion. See 315 Kan. at 328.

K.S.A. 22-3716 is a guide for the district court in exercising its discretion after a probation violation has been established. Before revoking a defendant's probation and imposing the probationer's underlying sentence, the district court may impose intermediate sanctions. See K.S.A. 22-3716(c)(1). But a district court may bypass these intermediate sanctions if the offender's probation "was originally granted as the result of a dispositional departure." K.S.A. 22-3716(c)(7)(B). A district court may also revoke probation without first imposing intermediate sanctions if "the offender commits a new felony or misdemeanor while the offender is on probation." K.S.A. 22-3716(c)(7)(C).

Dolan does not dispute that the district court may revoke probation when probation is the result of a dispositional departure. Nor does he contest that he committed new crimes in violation of his probation. The district court found Dolan committed new crimes while on probation—a clear violation of the terms of his probation under K.S.A. 22-3716(c)(7)(C). As a result, he fails to show that the district court's action stemmed from an error of law or fact or was otherwise arbitrary, fanciful, or unreasonable.

Our review of the record shows that the district court acted within its discretion when it revoked Dolan's probation and imposed the underlying prison sentence. He has failed to show that the district court abused its discretion.

Affirmed.

3